# Case No. 9,990.

## MYERS et al. v. DUNBAR et al.

[12 Blatchf. 380; 1 Ban. & A. 565; 8 O. G. 321.] [1]

Circuit Court, S. D. New York. Nov. 5, 1874. [2]

APPEAL—SUPERSEDEAS—BOND—FEES TO MASTER —ATTACHMENT.

A final decree, in an equity suit, awarded a decree against the defendant in favor of the plaintiff, for a sum named, and then decreed that the defendant pay the master $500, allowed to him as his compensation, less such sum as the defendant had paid to the master, and that the plaintiff have execution for the sum awarded to him. The defendant paid to the master $35 on account of the $500, and refused to pay more. He appealed to the supreme court from the whole of the decree, and gave a bond to the plaintiff, sufficient to cover the amount awarded to the plaintiff and to stay the execution, and a citation was issued and served. The master applied for an attachment against the defendant for the $465: *Held*, that the bond did not cover the amount directed to be paid to the master, and was not a bond to the master; that the provision for the payment of the master was not subject to be stayed by the proceedings for appeal; and that the attachment must be granted.

[Cited in Werner v. Reinhardt, 20 Fed. 163; American Diamond Drill Co. v. Sullivan Machine Co., 32 Fed. 552.]

[This was a bill in equity by Margaret Myers, executrix, etc., of Eugene S. Eunson, against John Dunbar and Jeremiah Hopper to restrain the infringement of letters patent No. 10,965, granted to John Myers and Robert G. Eunson, May 23, 1854.]

Frederic H. Betts, for the motion.
Samuel J. Glassey, opposed.

BLATCHFORD, District Judge. In this case a final decree was entered in May last, on the report of the master, overruling exceptions taken by both parties to his report, and ordering, "that the compensation of the master herein be fixed, determined and settled, (including what may have already been advanced or paid to him.) at the sum of five hundred dollars." The decree then proceeded to award a recovery to the plaintiffs against the defendants for the sum of $9,-120 94, and $686 32, interest thereon from the date of the report to the date of the decree, being, in all, $9,807 26, and to decree, "that said defendants pay to the master the said sum of five hundred dollars allowed to the master as compensation, less such sum as may have been paid or advanced to said master by the defendants, and that the com-

[1] [Reported by Hon. Samuel Blatchford, District Judge, and by Hubert A. Banning, Esq., and Henry Arden, Esq., and here compiled and reprinted by permission.]

[2] [Reversed in 94 U. S. 187.]

plainants have execution or other proper process of the court for the said sum awarded to them." The 82d rule in equity provides, that "the compensation to be allowed to every master in chancery for his services in any particular case shall be fixed by the circuit court in its discretion, having regard to all the circumstances thereof, and the compensation shall be charged upon and borne by such of the parties in the cause as the court shall direct;" and that "the master shall not retain his report as security for his compensation, but, when the compensation is allowed by the court, he shall be entitled to an attachment for the amount against the party who is ordered to pay the same, if, upon notice thereof, he does not pay it within the time prescribed by the court." The 10th rule in equity provides, that "every person, not being a party in any cause, who has obtained an order, or in whose favor an order shall have been made, shall be enabled to enforce obedience to such order by the same process as if he were a party to the cause." The defendants have paid to the master the sum of $35 on account of such compensation, and no more. Demand has been made upon the defendants by the master for the payment of the residue of the $500, but it has not been paid. Prior to the date of the master's report, the plaintiffs advanced to the master $100 on account of his compensation, and, after the date of the report and before the entry of the final decree, the plaintiffs advanced to the master $200 more on account of his compensation. The master now applies to the court for an attachment against the defendants for the $465.

The defendants have taken an appeal to the supreme court from the whole of the decree. They have given a bond, with sureties, in the penalty of $21,000, to the plaintiffs, conditioned that the appellants "shall prosecute their said appeal to effect and answer all damages and costs, if they fail to make their plea good." The bond has been approved as to form, and amount, and the sufficiency of the sureties, and a citation has been issued and served. The citation was made returnable to the first day of the present term of the supreme court, now past.

In opposition to the granting of the application, the defendants contend, that the 82d rule is subject, in its application, to the provisions of law regulating appeals; that the defendants have appealed from the whole of the decree and have given security, by bond, for the full performance of its requirements, if it shall be affirmed, and, therefore, all proceedings upon the decree are superseded and stayed; that the cause is pending in the supreme court; that injustice to the defendants will result, if the application is granted, in case the defendants should succeed on the appeal, because the defendants will not be able to recover back from the master any money paid to him; and that, if the plaintiffs pay the amount due to the master, they

will be able, if the decree is affirmed, to recover that amount on the bond.

Although the defendants have taken an appeal from the whole of the decree, their bond does not cover the amount directed to be paid to the master. It is a bond to the plaintiffs, payable to the plaintiffs, and is a bond only to respond for the amount which the decree awards to the plaintiffs as a recovery, and for which execution is awarded to the plaintiffs by the decree. The bond is not one under which either the master or the plaintiffs could recover the $465 from the defendants. Notwithstanding the appeal, it remains for this court to enforce the provision of the decree for the payment of the master.

Nor would the case be varied if the defendants had given a bond to the master to stay proceedings to enforce payment of his compensation. The order as to the compensation of the master might as well have been in a separate order, and not have formed a part of the final decree. The master is not a party to the suit, in any sense, and it was not intended that a provision for his payment should be subject to be stayed in its operation by proceedings such as are employed to stay the execution of a decree inter partes. The 82d rule prescribes the mode in which an officer of the court is to be compensated, and where the court directs which of the parties is to be charged with and bear the compensation of the master, whether in the first instance, or ultimately, the direction must be carried out, as between the master and such party, however, ultimately, such party may be entitled, as against the other party to the suit, to relief or reimbursement in respect of the amount paid to the master. If the defendants succeed, as against the plaintiffs, in reversing the decree, they will, indeed, not be able to recover back any money from the master, but it will be competent for the court, if, on such reversal, costs of the suit shall be awarded to the defendants, to regard the amount paid by the defendants to the master as a part of such costs, and to enable the defendants to recover such amount from the plaintiffs. The amount disbursed by the defendants to the master will merely take its place with other items of disbursements, as to which the defendants, with a decree against them, now have no recovery, but which may form part of a recovery, in case they shall have a decree in their favor.

The application is granted.

[On appeal to the supreme court, the decree of this court was reversed, and the cause remanded, with directions to enter a decree dismissing the bill. 94 U. S. 187.]
[For other cases involving this patent, see note to Myers v. Frame, Case No. 9,991.]