AMERICAN DIAMOND DRILL Co. *v.* SULLIVAN MACHINE Co.

*(Circuit Court, S. D. New York.* February 20, 1885.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT—COSTS.

Where the witnesses who appear before the master for the purpose of furnishing an account are officers of a defendant corporation in an infringement suit, which has been ordered to render such account, they are not entitled to mileage and *per diem* fees.

2. SAME.

Where the decree of the circuit court finding the defendant guilty of infringement, and ordering an account, is set aside upon rehearing, or upon final decree, with costs, master's fees paid by the defendant for the accounting should be taxed against the plaintiff as part of the costs; but the allowance is to be made by the court, not by the clerk.

In Equity. On appeal from clerk's taxation of costs. See 21 Fed. Rep. 74.

*Edmund Wetmore,* for plaintiff.

*E. T. Rice,* for defendant.

SHIPMAN, J. This appeal from the taxation of costs involves divers different items, of which two only need special mention.

The first is the *per diem* and the mileage of the officers of the defendant, while testifying before the master. They appeared before him in obedience to the order that the defendant should account, and for the purpose of furnishing the account. I concur with the clerk that they are representatives of the defendant, and for this reason stand upon a different footing from its other witnesses; and that the items should not be taxed.

The principal point is in regard to the disallowance of $990, master's fees, which had been paid by the defendant. The clerk is correct in the position that, as taxing officer, he ought not to include this item in the costs without an order or direction of the court to that effect; the question being one for the court to determine. No order in regard to this sum had been entered. The practice in regard to repayment of the money which had been paid by the defendant to the master, as a part of his fees, when the decree against the defendant is reversed, and a final decree is rendered in his favor, is stated by Judge BLATCHFORD in *Myers v. Dunbar,* 12 Blatchf. 380, as follows:

"If the defendants succeed, as against the plaintiffs, in reversing the decree, they will, indeed, not be able to recover back any money from the master; but it will be competent for the court, if, on such reversal, costs of the suit shall be awarded to the defendants, to regard the amount paid by the defendants to the master as a part of such costs, and to enable the defendants to recover such amount from the plaintiffs. The amount disbursed by the defendants to the master will merely take its place with other items of disbursements, as to which the defendants, with a decree against them, now have no recovery, but which may form part of a recovery, in case they shall have a decree in their favor."

The plaintiff's argument, that the accounting was prolonged, and that the master's fees were much enhanced by the defendant's reluctance to give promptly the necessary information, and that, therefore, the defendant ought not, in equity, to be repaid this disbursement, has some force; but I have been more impressed by the fact that, as a result of the late decisions of the supreme court, the defendant is successful, and by the consideration that it should reap the benefits of success. I see no controlling reason why, upon a finding that it never was an infringer of the patent, as properly construed, it should pay the master as though it had been an infringer. The sum of $990, disbursed by the defendant, by order of court, to the master, should become a part of the costs, and should be added to the $766.43, as taxed by the clerk. I concur with the clerk in his taxation of the other items in dispute, and in the reasons which he has given therefor, in the statement annexed to the bill of costs.