NEAD v. MILLERSBURG HOME WATER CO.

(Circuit Court, E. D. Pennsylvania. February 23, 1897.)

No. 31.

1. TAXABLE COSTS—DEPOSITIONS NOT USED ON TRIAL.
    The cost of depositions of witnesses in the penitentiary, taken in good faith, and offered on the trial, but not used because of the production of the witnesses by order of the court, may be taxed in the bill of costs.

2. SAME—WITNESS FEES OF OFFICER OF CORPORATE PARTY.
    Witness fees and mileage of officers of a corporation which is a party will be taxed as costs in the federal courts, where such is the practice of the state courts, and there is no settled practice relative thereto in the federal courts of the district.

79 F.—9

After the trial of above case, resulting in a verdict and judgment thereon against the plaintiff, the defendant company filed its bill of costs, claiming, inter alia, viz.: (1) The cost of the depositions of two witnesses who were confined in the Eastern Penitentiary, taken by defendant in conformity with the rules of court. These depositions were offered in evidence on the trial by the defendant, and objected to by the plaintiff. The objection was sustained, and the court ordered the issuing of a writ of habeas corpus ad testificandum, under which said witnesses were produced in court, and testified viva voce. (2) Witness fees and mileage for the president of the defendant company. Upon the taxing of the said bill, the clerk allowed the item of cost of the depositions, but disallowed the item for witness fees and mileage, because the president of the defendant company was in fact a party to the action, and not entitled thereto. To said allowance and disallowance, exceptions were filed by the plaintiff and the defendant respectively.

Ellery P. Ingham and Harvey K. Newitt, for plaintiff.

H. L. Lark and Edward L. Perkins, for defendant, cited:

Bank v. Greider, 2 Chester Co. Rep. 204; Evans v. School Board, Id. 205; Mining Co. v. Dusenberry, Id.; Susquehanna Mut. Fire Ins. Co. v. Commercial Ins. Co. (Com. Pl.) 18 Wkly. Notes Cas. 132; The Elizabeth & Helen, 4 Ben. 101, Fed. Cas. No. 4,354; Huntress v. Epsom, 15 Fed. 732; Tuck v. Olds, 29 Fed. 883.

DALLAS, Circuit Judge (after stating the facts). Respecting the cost of the depositions, inasmuch as they were taken in good faith by the defendant in the preparation of the case for trial, and were not waived at the trial, but their use was prevented by reason of the production of the witnesses under a writ of habeas corpus ad testificandum, issued by order of the court, the defendant cannot justly be precluded from having this item of cost taxed and allowed, and the plaintiff's exceptions are dismissed.

As to the witness fees and mileage charged for the president of the defendant corporation, it is admitted that, if he had been the party defendant, such costs would not be taxable. But a corporation is an entity distinct from its officers. The practice of the state courts, as abundantly shown by the authorities cited by the defendant, is to allow and tax as costs the witness fees and mileage for the officers of corporations, where, as here, they attend as witnesses, and not as representatives of the corporation, I find no authority showing any settled practice upon this point in the federal courts of this district, but am of opinion that the defendant's exceptions must be sustained.