## THE PHILADELPHIA.

(District Court, E. D. Pennsylvania.   July 14, 1908.)

No. 2.

WITNESSES—FEES—PARTIES IN INTEREST.

    Where one of the members of an unincorporated pilots' association, appeared on behalf of himself and the other members as claimant of a vessel owned by the association when libeled in admiralty, and defended the suit, other members of the association, who appeared as witnesses, being each an owner of an undivided interest in the vessel, were parties in interest in the suit and are not entitled to witness fees or mileage.

In Admiralty.   On appeal from clerk's taxation of costs.
See 160 Fed. 742.

H. Alan Dawson, for libelant.
J. Frank Staley, for respondent.

HOLLAND, District Judge.   The present issue comes before the court upon an appeal by the respondent from the clerk's taxation of costs.   The action is one in rem upon a libel in admiralty filed by the Staples Coal Company against the steam pilot boat Philadelphia, upon which process was issued and the pilot boat attached by the marshal. Claim for the pilot boat was made, and answer filed, and the defense of the case conducted by John P. Virdin, one of the owners of the pilot boat, on his own behalf, as well as on behalf of the other owners. The answer filed is entitled as follows:

    "The answer of John P. Virdin, part owner of the steam pilot boat Philadelphia, on his own behalf, as well as on behalf of the other owners of the said pilot boat."

The court dismissed the libel, and the respondent filed a bill of costs, amounting to $1,048.15, in which there was charged, inter alia, witness fees and mileage for the attendance as witnesses of the said John P. Virdin and 12 other pilots; such charge for the said 13 pilots amounting to the sum of $144.10.   At the taxation of the bill of costs before the clerk libelant objected to the allowance of this item of $144.10 upon the ground that the said 13 pilots were part owners of the pilot boat, and as such were parties to the cause, and therefore not entitled to claim or to be paid witness fees or mileage.   The clerk sustained this objection in an opinion filed, which is before the court.   This cause now comes before the court upon an appeal by the respondent from the clerk's taxation of costs in disallowing $132.60 of the said item of $144.10.   The balance of $11.50 represents the fee and mileage of the said John P. Virdin, from the disallowance of which no appeal is taken.

The record in the respondent's appeal shows that the pilot boat is owned by the Pilots' Association for the Bay and River Delaware, which is an unincorporated association.   The constitution of this association provides that the pilot boats or vessels owned by it shall be "conveyed to the president thereof, in trust for the use and benefit of the association and subject to its direction and control"; and it is further provided, in the third article, that the "ownership in the

property of the association shall be equal, each member taking the same interest or share as every other member, to be evidenced by certificates, said certificates specifying the interest or share of each holder." All the pilots who were witnesses and questioned in regard to the matter testified that each was part owner of the pilot boat Philadelphia, and the clerk, in passing upon the question in an opinion filed disallowing the witness fees, said:

"It nowhere appears that the association is incorporated, and therefore we may assume that it is an association of a number of persons joined together for the purpose of owning and operating pilot boats. Whether the pecuniary interest of the members therein is equal or not is immaterial. The libelant by law is given a lien on the vessel, which is their property, which he exercises by process of attachment. They voluntarily appear to defend their property, which is thus endangered, and by means of one of their number, as agent, make claim to the vessel and respond to the libel, and thus become parties to the cause; their interest being, not the interest of the question only, but also in the event."

The conclusion of the clerk would seem to be in accord with the practice in the courts of this state and in the federal courts in this district. A party testifying in his own behalf is not entitled to witness fees or mileage, whether suing or defending for himself or in a representative capacity, or testifying for another joined with him. 11 Cyc. 114; Elizabeth and Helen, Fed. Cas. No. 4,354; Nichols v. Brunswick, Fed. Cas. No. 10,239. Our attention has not been directed to any settled rule of practice in this district, except that adopted by the state courts, which was followed by the Circuit Court in Nead v. Millersburg Home Water Co., 79 Fed. 129; and the practice in the state courts accords with the law as above stated. Pentecost v. Parks, 8 Pa. Dist. R. 636; Cody v. Clelam, 1 Pa. Co. Ct. R. 8; Nead v. Millersburg Home Water Co., supra.

It is true that members of a corporation who are subpœnaed as witnesses and attend as such in a suit, as well as members of an unincorporated association who are called as witnesses when the association is sued as such, are entitled to witness fees in the state courts; but the claimants here for witness fees are not members of a corporation, nor are they defending as members of an unincorporated association. The pilot boat Philadelphia was attached, and the answer was filed by the president, as part owner of the steam pilot boat Philadelphia, on his own behalf, as well as on behalf of other owners of the said pilot boat, and these witnesses appeared, not directly in the interest of a corporation or unincorporated association, but for themselves to defend each his own interest as owners in the pilot boat, although not by their respective names. The rule, however, excludes them from collecting witness fees as well when they are actually parties in interest as when they appear as nominal parties on the record. The cases establishing the practice in Pennsylvania are collected in Pepper & Lewis' Digest of Decisions of Pennsylvania Law, pp. 41, 787.

The exceptions to the taxation of costs by the clerk are overruled.