FEDERAL REPORTS. 177.

Guerini Stone Co. v. P. J. Carlin Constr. Co.

# GUERINI STONE COMPANY, Plff.,

*v.*

# P. J. CARLIN CONSTRUCTION COMPANY, Dft.

San Juan, Law, No. 891.

ON TAXATION OF COSTS.

Costs—Witness Fees—Mileage Exceeding 100 Miles Outside the Jurisdiction.

 1. When a witness residing more than 100 miles outside of the district comes from his residence and testifies, either with or without subpœna, he is entitled to travel fees at the rate of 15 cents per mile for 100 miles coming to the trial and in returning to his residence, and for the remaining distance actually traveled he is entitled to travel fees at the rate of 5 cents per mile in going and coming.

Costs—Witness Fees—Corporation Officers.

 2. The officer of a corporation who appears at a trial as representative of a corporation party to the suit is not entitled to *per diem* or mileage fees for appearing as a witness on behalf of the corporation.

Opinion filed August 14, 1916.

*Mr. O. B. Frazer* for plaintiff.

*Mr. Charles Hartsell* for defendant.

HAMILTON, Judge, delivered the following opinion:

This is a matter of costs brought up on appeal from the taxation by the clerk. There is a witness Follett who came

Guerini Stone Co. v. P. J. Carlin Constr. Co.

from the States here to attend the trial, and the clerk declined
to tax up as costs his traveling expenses except for 100 miles,
in other words denied the ocean travel, as I understand it, and
it is necessary to decide the point for our guidance in the
future.  It seems that in the first circuit, of which we are now
a part, Mr. Justice Story, as far back as 1842, decided that
the traveling expenses should be included even where the wit-
ness comes from without the district.  That was in the case of
Prouty v. Draper, 2 Story, 199, Fed. Cas. No. 11,447.  This
has been affirmed several times.  United States v. Sanborn,
28 Fed. 299; The Vernon, 36 Fed. 113; and other cases.  The
rule is not uniform in other circuits.  The other circuits seem,
to go on the idea that the costs must be limited to the court
jurisdiction, that is to say, that the subpœna of the court will
run for the district, and not exceeding 100 miles outside, and
that therefore the costs should be limited to that number of
miles.  Of course the reasoning is very correct, but it has been
held otherwise uniformly in the first circuit, and it seems to me
that, as we are a part of the 1st circuit, I shall have to follow
the decision of Justice Story.  But that is not conclusive as to
the amount to be allowed.  Under a special statute governing
Porto Rico, approved March 2, 1901, § 4, witnesses are allowed
15 cents a mile when traveling by stage and private convey-
ance and 10 cents when traveling by railroad, and the question
comes up whether that would be applicable to these 3,000
miles of ocean travel.  I do not think so.  The wording of the
statute seems confined to Porto Rico.  It speaks of stage and
private conveyance.  A steamship is neither a stage nor a pri-
vate conveyance, and the 10 cents a mile applicable to railroads
would not apply to steamships; so that it looks as if the statute

Guerini Stone Co. v. P. J. Carlin Constr. Co.

for Porto Rico was not drawn so as to cover ocean travel. In that view of it, it would seem the correct rule to follow the Revised Statutes, § 978, Comp. Stat. 1913, § 1619, the general rule on the subject, which is 5 cents a mile. So the clerk will retax the costs as to this witness and allow 15 cents as to 100 miles, and outside of that 5 cents a mile going and coming.

2. There is another point brought up also in this case. It seems that Mr. Converse, who was president, or at all events a high officer, of the company in question, desired to have his expenses taxed up in the same way. He was not subpœnaed, but that would make no difference. The subpœna of this court could not run so far anyhow, so that could not be considered in connection with either of these two witnesses Follett or Converse. But the question is whether Converse should receive anything. The decisions draw a distinction very properly between a corporation and an officer of a corporation who acts as a witness. The corporation is one thing, and the officer is a different person technically. The distinction, which seems to be correct on principle, is this: A corporation can have any of its officers, or any of its employees, as a witness, and the costs would be properly taxed up; but if the officer or the employee comes as a representative of the corporation, he is for the purposes of the case, so far as getting here is concerned, the representative of the corporation. He is practically the corporation for the purposes of the trial and should not be allowed witness fees or traveling expenses. That is found in the case of American Diamond Drill Co. v. Sullivan Mach. Co. 32 Fed. 552, and is the exception mentioned in the case of Nead v. Millersburg Home Water Co. 79 Fed. 129. So the question in this case is, was Mr. Converse the representative

of the company, or was he here simply as a witness? He was here as the representative of the company. There can be no question about that. If there had been any question, it was settled by the fact that he appeared in court and was allowed to stay through the case and aid counsel as the representative of the company. He was not put under the rule like ordinary witnesses. So that the clerk will not allow the traveling expenses and other fees of this witness.

The taxation will be made in accordance with these views.