THE NORTH CAROLINA RAILROAD COMPANY v. W. H. J. GOODWIN.

*Costs—Condemnation of Land.*

The counsel fees authorized to be taxed in proceedings to condemn·lands for railway uses under section 1946, *The Code,* can only be allowed and taxed in those cases where the Court, under section 1948, is directed to appoint an attorney to represent a party in interest who is unknown or whose residence is unknown.

This was a PROCEEDING in the Superior Court of Wake County to condemn lands required by plaintiff in the construction of a branch of its road.

The defendant was a resident of Wake County, and received the amount of compensation awarded by the commissioners as damages to his property. Thereupon he made a motion for allowance of his counsel fees, to be taxed by the Court. The Clerk refused the motion, and upon appeal this judgment was affirmed by *Whitaker, J.,* and defendant again appealed.

*Messrs. E. C. Smith* and *W. H. Pace,* for plaintiff.
*Messrs. J. B. Batchelor* and *S. G. Ryan,* for defendant.

CLARK, J.: By chapter 41, Acts of 1879, the taxation of attorney's fees in the bills of cost, which had theretofore been allowed, was prohibited. In *The Code* of 1883 no provision for taxation of counsel fees was made except in section 1948, which permits such allowance to counsel appointed by the Court to represent the rights of any party in interest who, or whose residence, is unknown, in proceedings to condemn real estate for railroad purposes. The reference in section 1946 to the "costs and counsel fees allowed by the Court" is to such counsel fees as the Court was authorized by law to tax,

to-wit, in the case mentioned in section 1948. In the present instance the counsel whose fees are sought to be taxed against the railroad company was not appointed by the Court to represent the owner of an interest in real estate who, or whose residence, was unknown. The motion to tax an allowance in his behalf against the opposite party was therefore properly denied. The question of the allowance of counsel fees not against the opposite party, but out of a trust fund which he is employed to protect is considered and discussed in *Chemical Co.* v. *Johnson*, 101 N. C., 223; *Gay* v. *Davis*, 107 N. C., 269; *Mordecai* v. *Devereux*, 74 N. C., 673.

                                                        Affirmed.