## BOSTROM et al. v. DUFFIELD et al.

No. 8437.

Court of Civil Appeals of Texas. San Antonio.

May 14, 1930.

B. S. Wright, of Raymondville, and Robert E. Kirkpatrick, of Mercedes, for appellants.

Seabury, George & Taylor, of Brownsville, and A. B. Crane and R. F. Robinson, both of Raymondville, for appellees.

FLY, C. J.

C. Bostrom, John H. Prater, Peter Oakes, and C. E. Redlund, the appellants, instituted this suit against Ben S. Duffield, as county clerk of Willacy county, and Luther Snow, sheriff, to obtain from the clerk a retaxing of costs in a former suit, and to enjoin the clerk and sheriff from collecting the costs. A temporary writ of injunction was granted. Afterwards the injunction was dissolved and the court further ordered that certain witness fees that had been taxed against appellants in the former suit be taxed against appellants as theretofore done.

The court found the following facts:

"The fees of the court officers have been paid.

"All witnesses whose attendance fees are taxed as costs to contestants were summoned by contestants.

"The votes of all of said witnesses were contested on the ground of their being aliens and that they had not paid their poll tax, or that the tax had been paid by an agent without proper authorization.

"The court did not specifically find on the trial of the cause that the votes of said witnesses were illegal.

"Most of said witnesses own no property and were not actively interested in the outcome of the contested election, and voted at the solicitation of their friends who were interested in the outcome of the election.

"Practically all, if not all of said witnesses, are day laborers or small farmers of Mexican extraction, whose subsistence is derived from their daily manual labor."

The costs being contested arose in a suit filed by appellants to have a bond election declared null and void, which was decided in their favor, but the clerk assessed witness fees claimed by a large number of witnesses summoned by appellants against them. The court on this trial allowed a part of the witness fees. The judgment in the contest case failed to assess the costs of the suit, and the clerk issued an execution for them against appellants.

It is provided in article 3057, Rev. St. 1925: "The costs in all contested election cases shall be taxed according to the laws governing costs in civil cases, except when otherwise specially provided; and bond for costs may be required as in civil suits." The witnesses to whom fees were decreed by the court had been summoned by appellants. They were laborers, who the court found had no interest in the bond election, taken from their labor to incur expense and testify for appellants. The law specifically requires that in no case like the present, "shall the costs of such contest be adjudged against such contestee, or against the county, city, town or village which they may represent, nor shall such contestee be required to give any bond upon an appeal." Rev. St. 1925, art. 3070. It follows that where witnesses, who were voters in the contested election, are forced to leave their homes and labor by a contestant, they must attend at their own

expense unless the contestant, like any other litigant, can be compelled to pay their fees.

In the case of Altgelt v. Callaghan (Tex. Civ. App.) 144 S. W. 1166, 1173, the matter of costs, under consideration at this time, was considered and it was held that "it is the established rule in Texas that parties to an action, or those vitally interested in the decision of a case, shall not be permitted to charge for their attendance upon the trial. * * *" Speaking of the interest of voters summoned as witnesses in the suit, this court said: "The judgment would directly affect him either in sustaining or setting aside his vote, the right of suffrage being considered one of the most sacred rights held and enjoyed by freemen, and worth immeasurably more than dollars and cents." Again this court says: "Every voter, either for pure and patriotic motives, or for base and corrupt designs, is interested in sustaining his vote whenever it is attacked, and to that extent he is an interested party, and should not be allowed to profit by his attendance on court in order to testify and sustain his vote. This should be the rule in every contested election case where the contestants have absolutely no pecuniary interest in the case, and are acting as the representatives of a large body of the voters of a community, and who have assumed pecuniary obligations in connection with the case in other respects, which the statutes compel them to pay." The cited case has never been questioned in the eighteen years of existence, has been often cited in this and other states, and approved. In the case of Marsden v. Troy (Tex. Civ. App.) 189 S. W. 960, this court held voters, whose right to vote had been assailed, were not entitled to witness fees.

We have been presented no reason why the rule should be changed in this case. It would not matter by whom the witnesses were summoned, nor what the judgment may have been as to their right to vote, for in each instance the interest in preserving their right to vote would be the same. It would not matter that the witness did no appreciate the privilege of being an American voter, in this instance had the charges made against the voters been sustained, they might have resulted in a criminal charge or deportation. Appellants won the suit in their efforts to protect themselves, as well as other voters, from the imposition of illegal taxes, and they should not be compelled to pay witnesses fees to voters charged with illegally assisting in bringing about the state of affairs that necessitated the suit.

The judgment is reversed, and judgment here rendered that appellants are not liable for payment of the witness fees involved, and that the county clerk and sheriff be enjoined from collecting the same.