### HOPKINS et al. v. GENERAL ELECTRIC CO.

Civ. No. 5898.

United States District Court
D. Massachusetts.

Oct. 9, 1950.

David Scribner and Arthur Kinoy, New York City, Sidney S. Grant, Boston, Mass., Seymounr L. Linfield, New York City, Allan R. Rosenberg, Boston, Mass., for plaintiffs.

Charles B. Rugg, Warren F. Farr, Boston, Mass., for defendant.

FORD, District Judge.

As set forth in memorandum, D.C., 89 F. Supp. 997, fifty-seven plaintiffs prosecuted

their claims for overtime pay and liquidated damages. The case was referred to a master. Six recovered judgment against the defendant in amounts varying from $197.78 to $999.58, with the aggregate total $3,408.25. Defendant recovered judgment against the remaining fifty-one plaintiffs.

On August 23, 1950, a clerk of this court taxed costs for the six prevailing plaintiffs in the sum of $5,497.08. These costs include one-half of both the master's compensation and stenographer's fee together with witness fees of thirty-eight plaintiffs.

█ The defendant takes the position that it is inequitable to require defendant to pay 50% of the costs where it recovered judgment against fifty-one of the plaintiffs.

There is no question this action was brought in good faith and as is obvious it was brought under a legislative act that is remedial in its nature. A case arising under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., with numerous plaintiffs is not comparable to a private suit between individuals. The public interest is involved in the bona fide enforcement of the act. Sanctions—liquidated damages and counsel fees—are provided in the act to ensure compliance with its terms.

The provision for counsel fees reflects that Congress intended such expense should be liquidated by a defendant who violated the act, whether or not in good faith. One of the purposes of the act was that winning plaintiffs should not be too much out of pocket for expenses in prosecuting suits under the act. Indeed, this provision for counsel fees encouraged bona fide suits under the act in the public interest. It is with these considerations in mind that the court must exercise its discretion in allowing costs in suits of this type.

█ The defendant argues that only about 12% of the hearings before the master is attributable to the plaintiffs who prevailed. (It does not ask that its one-half share of the master's and stenographer's compensation awarded to it against the losing plaintiffs be reduced. Defendant's argument should work both ways.) It is true only about 12% of the plaintiffs won, but it is difficult to determine how much of

the hearing is attributable to these plaintiffs. True, the plaintiffs were divided into different categories, but it is the opinion of the court after much experience with cases of this type that findings are made after hearing all the evidence with respect to all groups. In other words, with a single defendant it is the overall picture that counts and a case of this nature with numerous plaintiffs and involved issues cannot be cut up into separate parts, nor can the master's report readily be divided into sections and thrown into separate compartments, as defendant asks. It is a whole, the testimony is interrelated and is concerned with a single cause of action by employees similarly situated, 29 U.S.C.A. § 216(b), albeit there are many different claims. To what extent losing plaintiffs' testimony aided winning plaintiffs is difficult to determine. I cannot agree that the master's report should be divided for the purpose of assessing costs.

█ Further, to agree with the contention of defendant that only 12% of the costs involved be assessed against it would be violating the spirit of the act. The plaintiffs who brought their suits in good faith and lost would be compelled to pay these costs with no chance of reimbursement from any source. This would be an undue hardship. If the costs here are divided between the winning plaintiffs and the defendant, then, of course, the items of cost involved will balance and leave the parties equally out of pocket as they are at the present moment. This seems an equitable result in view of the nature of the case and the result. Cf. Dolan et al. v. Day & Zimmerman, Inc., et al., D.C., 65 F.Supp. 923 where 17 out of 24 plaintiffs prevailed and this court assessed the whole cost of the master to defendant.

█ As stated, the clerk taxed as costs of the plaintiffs witness fees of forty-three witnesses. Of this number thirty-seven were parties plaintiff who testified in their own behalf in the action. Of these thirty-seven witnesses, thirty-one were plaintiffs against whom the defendant recovered judgment. The general rule is not to allow a witness fee for a party to the suit testifying in his own behalf. The Wahkeena,

D.C., 51 F.2d 106; The Philadelphia, D. C., 163 F. 438; 20 C.J.S., Costs, § 222, p. 467. The award of witness fees to the parties plaintiff must be struck from the taxation of costs against the defendant.

The clerk's taxation of costs is modified in accordance with this memorandum.