J. A. PERRY AND WIFE, EULA D. PERRY, v. ALBERT DOUB, TRUSTEE, L. A. DOUB, TRUSTEE, AND CAREY N. ROBERTSON.

(Filed 23 November, 1955.)

**Appeal and Error § 2—**

An appeal from an order allowing a referee a certain sum from the trust fund, to be taxed as a part of the costs in such manner as the court should decide upon the determination of the action, is premature, since costs incident to a reference are taxable in the discretion of the court, and there is no final determination of who should pay the sum.

APPEAL by defendant C. N. Robertson from *Williams, J.*, March Term, 1955, WAKE.

Civil action for an accounting, heard on motion for additional funds for referee.

More than $7,000 is deposited in trust awaiting the outcome of this cause which was referred in February 1954. On 21 March 1955, Williams, J., ordered that the trustee of said fund pay the referee $300 "to cover expenses in regards to this reference; and that the said $300.00 now being paid to the Referee by the said Albert Doub, Trustee, be taxed as a part of the cost of this action at the termination of this action in such a manner as the court shall then decide."

Defendant Robertson excepted and appealed.

*Vaughan S. Winborne, John A. Robertson, and Samuel Pretlow Winborne for plaintiff appellees.*

*Mordecai, Mills & Parker for defendant appellant.*

PER CURIAM. The costs incident to a reference, including the referee's fee, are taxable in the discretion of the court. *Lightner v. Boone,* 222 N.C. 421, 23 S.E. 2d 313; *Cody v. England,* 221 N.C. 40, 19 S.E. 2d 10; *Williams v. Johnson,* 230 N.C. 338, 53 S.E. 2d 277. The court did not undertake to tax the costs. They are hereafter to be taxed. The appellant is not hurt by the order. Instead of directing that the required fund be paid out of the trust fund, the court had the power and authority to require each party to deposit out of his own pocket a ratable portion of the costs of the reference. It follows that the appellant's appeal is premature and must be dismissed.

Appeal dismissed.