WILLIAM E. WHALEY, AND WILLIAM E. WHALEY, JR., A PARTNERSHIP, D/B/A WILLIAM E. WHALEY COMPANY, v. BROADWAY TAXI COMPANY, INC.

(Filed 18 May, 1960.)

**1. Injunctions § 13—**

Where defendant denies plaintiffs' basic equity, alleges that the continuance of the temporary restraining order to the hearing would result in irreparable injury to defendant, and alleges that plaintiffs have an adequate remedy at law without resort to the equitable powers of the court, the denial of plaintiffs' motion for continuance of the temporary order to the hearing on the merits will not be disturbed on appeal, plaintiffs having failed to show that the denial of their motion for a continuance was contrary to some rule of equity or the result of an improper exercise of judicial discretion.

**2. Costs § 2—**

Costs follow the final judgment.

**3. Injunctions § 13—**

Upon the hearing of an order to show cause why a temporary restraining order should not be continued until the final determination of the action on the merits, the merits of the action are not before the court, and it is error for the court, even though it has properly refused a motion for the continuance of the temporary restraining order, to dismiss the action and tax plaintiffs with the costs.

APPEAL by plaintiffs from *Hobgood, J.*, 7 December 1959 Term, of DURHAM.

Civil action to restrain defendant from displaying advertising on its taxicabs for other persons, in violation of the terms of a contract entered into by them, which violation of the contract by defendant, if not enjoined, will cause them irreparable damage. The prayer for relief in the complaint is for a temporary injunction, and that an order issue for defendant to show cause, if any it can, why the injunction should not be made permanent.

On the day the complaint was filed, the resident judge of the judicial district, upon motion of plaintiffs, issued an order that defendant

WHALEY *v.* TAXI COMPANY.

appear at the courthouse in Durham, at 2:30 o'clock p.m. on 9 October 1959, or as soon thereafter as the matter may be heard, and show cause, if any there be, why the injunction prayed for by plaintiffs should not be granted *until the final determination of the action.* This order was served upon defendant. It was not heard on 9 October 1959.

Thereafter defendant filed an answer wherein it averred in substance that plaintiffs had breached the contract between them, that defendant had terminated the contract as it had a right to do under the contract, that it had entered into a contract with another advertising agency, and that a restraining order would cause it to breach this later contract and cause it irreparable injury. Defendant further alleged in its answer that if plaintiffs have a cause of action against it, which is denied, it has an adequate remedy at law for damages for breach of contract, and that the court should not resort to its equitable powers.

Plaintiffs filed a reply denying they breached the contract, denying defendant was entitled to terminate the contract according to its terms, and reiterating their prayer for injunctive relief.

The record states the cause came on for hearing before Judge Hobgood "upon the motion of the plaintiffs for an injunction and return of the order to show cause; whereupon the court entered the judgment, as appears in the record, denying plaintiffs' motion, dismissing the action and taxing the plaintiffs with the cost." The case on appeal was agreed upon by counsel. Judge Hobgood's judgment states that it was heard upon the pleadings, and it appeared to the court that the plaintiffs are not entitled to a restraining order in the cause. Whereupon he ordered and decreed that plaintiffs' motion for a restraining order be denied, and that plaintiffs be taxed with the costs of the action. Judge Hobgood found no facts. There is nothing in the record to indicate that any request was made of him to find any facts.

From this judgment, plaintiffs appeal.

*Haywood & Denny for plaintiffs, appellants.*
*Hofler & Mount for defendant, appellee.*

PARKER, J. Plaintiffs contend Judge Hobgood erred in denying their motion for an interlocutory injunction until the final determination of the action, and erred in dismissing the action and taxing them with the costs. Defendant contends Judge Hobgood treated the show cause order as a motion for a permanent injunction, and correctly denied the motion for an injunction, and correctly dismissed the action and taxed plaintiffs with the costs.

Judge Hobgood heard this matter "upon the motion of the plaintiffs for an injunction and return of the order to show, cause." The show cause order states that defendant was to appear, and "show cause, if any there be, why the injunction as prayed for by the plaintiffs should not be granted *until the final determination of this action.*" The hearing before him was only for that one purpose, and that was whether or not an interlocutory injunction should be issued. *Lewis v. Harris,* 238 N.C. 642, 78 S.E. 2d 715. He heard the matter upon the pleadings alone, and found no facts. It seems manifest from the record that Judge Hobgood's judment denying the motion for a restraining order was merely the denial of a motion for an interlocutory injunction until the final determination of the action.

This Court said in *Huskins v. Hospital,* 238 N.C. 357, 78 S.E. 2d 116: "The purpose of an interlocutory injunction is to preserve the *status quo* of the subject matter of the suit until a trial can be had on the merits. . . . The hearing judge does not issue an interlocutory injunction as a matter of course merely because the plaintiff avowedly bases his application for the writ on a recognized equitable ground. While equity does not permit the judge who hears the application to decide the cause on the merits, it does require him to exercise a sound discretion in determining whether an interlocutory injunction should be granted or refused."

In *Meccano v. Wanamaker,* 253 U.S. 136, 64 L. Ed. 822, the Court said: "The correct general doctrine is that whether a preliminary injunction shall be awarded rests in sound discretion of the trial court. Upon appeal, an order granting or denying such an injunction will not be disturbed unless contrary to some rule of equity, or the result of improvident exercise of judicial discretion." To the same effect: *Yakus v. U. S.,* 321 U.S. 414, 88 L. Ed. 834; *Sinclair Refining Co. v. Midland Oil Co.,* (4 C.C.A.), 55 F. 2d 42; 28 Am. Jur., Injunctions (1959 Ed.) p. 530; 43 C.J.S., Injunctions, §14.

It seems from the pleadings that if an interlocutory injunction had been issued, it would have caused defendant to breach an admitted contract it had with other persons for displaying advertising on its taxicabs in order to enforce a contract between plaintiffs and defendant, which defendant avers it lawfully terminated, before a final determination of the action upon its merits. Appellants have not shown that the denial of their motion for an interlocutory injunction was "contrary to some rule of equity, or the result of improvident exercise of judicial discretion." That part of Judge Hobgood's judgment refusing an interlocutory injunction is affirmed.

Costs follow the final judgment. *Barrier v. Troutman,* 231 N.C. 47,

55 S.E. 2d 923; *Zebulon v. Dawson,* 216 N.C. 520, 5 S.E. 2d 535. Judge
Hobgood's judgment in taxing plaintiffs with the costs of the action
seems to indicate that he dismissed plaintiffs' action. The statement of
the case on appeal agreed to by counsel states Judge Hobgood dis-
missed the action. It was error to dismiss the action, and tax plain-
tiffs with the costs. So much of the judgment as dismisses the action
and taxes plaintiffs with the costs is vacated, and the cause is re-
manded with direction it be reinstated upon the civil issue docket for
trial. *Mosteller v. R. R.,* 220 N.C. 275, 17 S.E. 2d 133. See *Adams v.
College,* 247 N.C. 648, 101 S.E. 2d 809, where it is held that where the
complaint in an action for a restraining order contains a defective
statement of a good cause of action, judgment sustaining a demurrer
should have dissolved the restraining order, but the portion of the
judgment dismissing the action and taxing plaintiffs with the costs
was reversed. The taxing of plaintiffs with the costs was premature.

As to the portion of the judgment denying the motion for an inter-
locutory injunction affirmed; as to the part of the judgment dismis-
sing the action and taxing plaintiffs with the costs reversed.