WILMER CREEL v. PIEDMONT NATURAL GAS COMPANY, INC.

(Filed 22 March, 1961.)

Injunctions § 1—

The issuance of a preliminary mandatory injunction rests in the sound discretion of the trial court, and its order denying the relief will not be disturbed unless contrary to some rule of equity or abuse of discretion is made to appear.

APPEAL by plaintiff from *Farthing, J.,* 15 August Term 1960, of MECKLENBURG.

This is a civil action in which the plaintiff seeks to recover actual and punitive damages against the defendant, resulting from the discontinuance of service to the plaintiff, and for a mandatory injunction requiring the defendant to furnish gas to the plaintiff and to reconnect the service without charge therefor.

When this matter came on for hearing, it was stipulated and agreed by the parties that service would be restored upon payment to the defendant by the plaintiff of $20.15, the amount of the accumulated and unpaid bills due the defendant by the plaintiff, plus the additional charge of $1.00 as a reconnection fee.

The court below heard the plaintiff upon his application for a preliminary mandatory injunction to require the defendant to supply him with natural gas at his residence in the City of Charlotte.

The court, after considering the affidavits filed by the parties, the stipulation of facts, the oral testimony of witnesses, and the argument of counsel, found the facts and set them out in its order.

Upon the facts found, the court held that the plaintiff has suffered no irreparable injury; that he has an adequate remedy at law; and has failed to show that he is entitled to a mandatory injunction. Whereupon, the court, in its discretion, denied the plaintiff's application for a preliminary mandatory injunction and entered an order accordingly.

The plaintiff appeals, assigning error.

*Don Davis for plaintiff appellant.*
*Kennedy, Covington, Lobdell & Hickman; Edgar Love, III, for defendant appellee.*

PER CURIAM. The question whether a preliminary mandatory injunction should be issued, rests in the sound discretion of the trial court and will not be disturbed on appeal "unless contrary to some rule of equity, or the result of improvident exercise of judicial discretion." *Whaley v. Taxi Company,* 252 N.C. 586, 114 S.E. 2d 254, and cited cases.

No abuse of discretion is made to appear in this cause.

Affirmed.