RAY G. REGISTER AND WIFE, ELIZABETH B. REGISTER v. JOSEPH M.
    GRIFFIN, TRUSTEE, AND PIEDMONT PRODUCTION CREDIT ASSO-
    CIATION

No. 6926SC387

(Filed 19 November 1969)

**1. Appeal and Error § 58— review of injunctive proceedings**

Upon appeal from an order granting or refusing an interlocutory in-
junction, the findings of fact, as well as the conclusions of law, are re-
viewable by the Court of Appeals.

**2. Costs § 1— time of imposing costs**

Costs usually follow a final judgment.

**3. Injunctions § 12— continuance of injunction — foreclosure of deed
of trust — improper conditions**

In granting an injunction restraining a defendant trustee from fore-
closing the deed of trust in which the plaintiffs were grantors, the trial
judge was without authority to require the plaintiffs, as a condition pre-
cedent to the continuing of the injunction, to (1) pay the defendant's
costs of advertising the property described in the deed of trust, (2) pay
the attorney fees incurred in the action by the defendant, (3) enter into
an agreed order with the defendant for a reference of the case, and (4)
consent to be taxed with the costs of the reference, since these conditions
compelled the plaintiffs to give up undetermined legal rights prior to a
hearing of the case on the merits.

**4. Injunctions § 12— temporary injunction — show cause hearing —
jurisdiction of court — merits of case**

Upon a hearing to show cause why a temporary restraining order should
not be continued to the hearing, the court has no jurisdiction to hear and
determine the controversy on its merits, but has jurisdiction to determine
only whether the temporary restraining order should be continued to the
hearing and the amount of bond to be required of plaintiffs. G.S. 1-496,
G.S. 1-497.

APPEAL by plaintiffs from *Snepp, J.,* 21 March 1969 Session of
Superior Court held in MECKLENBURG County.

Plaintiffs in an action, S.D. #67-355, instituted on 16 November
1967, obtained an injunction on 20 October 1967 to prevent the de-
fendant trustee in a deed of trust from foreclosing the deed of trust
in which the plaintiffs were the grantors. This injunction was dis-
missed and the action nonsuited on 29 January 1969 when the plain-
tiffs failed to appear and prosecute the action. Thereafter on 13
March 1969, the plaintiffs brought this action and obtained another
injunction to prevent a foreclosure under the same deed of trust.
Upon a show cause hearing, the trial judge found that the injunc-
tion should be continued but imposed certain conditions precedent

upon the plaintiffs. The judge required, under the heading of "Conclusions":

"1. That the Plaintiffs, within ten days from the date of this order, pay to the Defendant, Piedmont Production Credit Association, the costs of advertisement of the property described in the Deed of Trust in the amount of $134.00, and the sum of $500.00 in reimbursement of the counsel fees incurred by the Defendant in the action heretofore filed which is referred to above.

2. That within ten days from the date of this order, Plaintiffs deposit with the Clerk of Court for Mecklenburg County a good and sufficient bond in the sum of $500.00, conditioned upon the payment by the Plaintiffs of the entire costs of a reference in this case and that the Plaintiffs do hereby consent that they shall be taxed with the entire costs of such reference.

3. That the Plaintiffs, within ten days from the date of this order, enter into an agreed order with the Defendants for a reference of this case.

4. That the Plaintiffs give a good and sufficient bond in the amount of $2,000.00, conditioned upon their payment of any damages which the Defendants may sustain, if upon the hearing of this suit it is determined that this injunction was improvidently granted.

5. In the event plaintiffs shall not comply with these conditions the Defendants shall be entitled to proceed against the bond in the amount of $250.00 heretofore given by the Plaintiffs in this action for such damages as they may have sustained by reason of the temporary order dated March 12, 1969.

6. In the event the Plaintiffs do not comply with the conditions set forth above that they be and are restrained and enjoined from thereafter seeking any order restraining or enjoining any subsequent attempt to sell the property described in the Deed of Trust at a foreclosure sale without notice to the Defendants. Upon the failure of the plaintiffs to comply with any of the foregoing conditions, the restraining order issued herein shall be immediately dissolved."

Upon the entry of the order, the plaintiffs excepted and appealed to the Court of Appeals.

*Clayton, Lane & Helms by Thomas G. Lane, Jr., for plaintiff appellants.*

*Griffin & Gerdes by Joseph M. Griffin for defendant appellees.*

MALLARD, C.J.

The appellants assign as error certain conditions included in the order continuing the restraining order. Appellants contend that the trial judge erred in requiring the plaintiffs to meet the conditions contained in paragraphs numbered 1, 2, and 3 of the "Conclusions," as set forth above, before plaintiffs would be entitled to have the injunction continued to the final hearing. Appellants raise no question about the other findings of fact or other provisions of the order.

[1] "Upon an appeal from an order granting or refusing an interlocutory injunction, the findings of fact, as well as the conclusions of law, are reviewable by this Court." *Deal v. Sanitary District,* 245 N.C. 74, 95 S.E. 2d 362 (1956); *Dilday v. Board of Education,* 267 N.C. 438, 148 S.E. 2d 513 (1966). However, there is a presumption that the judgment entered by the trial court is correct, and the burden is upon appellants to assign and show error. *Conference v. Creech and Teasley v. Creech and Miles,* 256 N.C. 128, 123 S.E. 2d 619 (1962).

[2] Costs usually follow a final judgment. *Whaley v. Taxi Co.,* 252 N.C. 586, 114 S.E. 2d 254 (1960).

No evidence appears in the record to support the finding of fact appearing in the order that "(t)he Defendant, Piedmont Production Credit Association has expended the sum of $134.00 for the cost of advertising the property described in the Deed of Trust for sale, and incurred counsel fees in the prior action brought by Plaintiffs in the amount of $500.00."

[3] "The costs incident to a reference, including the referee's fee, are taxable in the discretion of the court." *Perry v. Doub,* 243 N.C. 173, 90 S.E. 2d 239 (1955). We think it was improper for the judge, in this case, as a condition precedent to the restraining order, to require plaintiffs to pay one of the defendants the sum of $634.00.

Attorney fees, costs of advertising, and costs of reference are usually considered as elements of damages. 43 C.J.S., Injunctions, § 315. In general, there are two situations in which damages may be assessed in consequence of the issuance of an injunction.

1. "A final decision that an injunction was wrongfully obtained usually is a condition precedent to the assessment of damages in the injunction suit." 43 C.J.S., Injunctions, § 285.

2. "The granting of an injunction is conclusive of probable cause so as to prevent recovery for malicious prosecution of the injunction suit; and final determination of the injunction

suit is a condition precedent to an action for damages brought independently of the injunction bond." 43 C.J.S., Injunctions, § 307.

McCormick states the " '(p)rinciple' that counsel fees and other expenses, beyond taxable costs, in lawsuits generally are not recoverable." He further states: "In the great majority of the states, however, attorneys' fees and other reasonable and necessary expenses incurred in proceedings before final trial to vacate or dissolve the injunction are recoverable, if the injunction is dissolved on the grounds which imply that it should not have been issued originally. In such cases, the proof must identify the fees and expenses incurred on the motion to dissolve the injunction, as distinguished from those incurred in defending the suit generally." McCormick on Damages, § 109.

Generally, in granting injunctions the court requires a bond to insure the defendant against any loss. See G.S. 1-496; G.S. 1-497. The rule seems to be that "(a)side from liability arising from bond required as a condition to the granting of the injunction, as a general rule damages are not recoverable for the wrongful issuance of an injunction unless malicious prosecution is shown." 43 C.J.S., Injunctions, § 281.

**[4]** The court on this hearing had no jurisdiction to hear and determine the controversy on its merits. *Patterson v. Hosiery Mills,* 214 N.C. 806, 200 S.E. 906 (1939); *Carbide Corp. v. Davis,* 253 N.C. 324, 116 S.E. 2d 792 (1960). The only questions presented to the trial judge on this hearing were whether the temporary restraining order should be continued to the hearing and the amount of bond to be required of plaintiffs. G.S. 1-496.

**[3]** "When the judge below grants or refuses an injunction, he does so upon the evidence presented, and the only question is whether the order should be made, dissolved, or continued. He cannot go further and determine the final rights of the parties, which must be reserved for the final trial of the action." McIntosh, N.C. Practice 2d, § 2219. In requiring the plaintiffs to pay $634.00 to one of the defendants, consent to a reference, and consent to be taxed with the entire costs of such reference, as a condition precedent to the continuance of the restraining order, the court was, in effect, forcing plaintiffs to give up some of their undetermined legal rights prior to the case being heard on its merits. The primary purpose of a temporary restraining order is usually to meet an emergency when it appears that any delay would materially affect the rights of a plaintiff. The purpose of a plaintiff's undertaking pursuant to G.S.

1-496 is to assure that a defendant will be able to recover such damages "as he may sustain by reason of the injunction, not exceeding the amount named, if the court should finally decide that the injunction was improperly issued." McIntosh, N.C. Practice 2d, § 2214. The court protects a plaintiff's rights by the issuance of the restraining order and protects a defendant's rights in determining the amount of the bond required.

The order of Judge Snepp continuing the temporary restraining order dated 21 March 1969 is modified by striking therefrom the above paragraphs numbered 1, 2, and 3, which appear in the order under "Conclusions," and as thus modified the order is affirmed.

Modified and affirmed.

MORRIS and HEDRICK, JJ., concur.