CITY OF CHARLOTTE, A MUNICIPAL CORPORATION, PETITIONER v. MARGARET C. McNEELY AND HUSBAND, SAM S. McNEELY, JR., RESPONDENTS

No. 82

(Filed 31 July 1972)

**1. Eminent Domain § 3— public purpose**

In any condemnation proceeding the question of what is a public purpose is one for the court.

**2. Eminent Domain § 3— public purpose — construction or enlargement of street**

The taking of property to construct or enlarge a public street is, as a matter of law, a taking for a public purpose, and the advisability of widening a public street is a matter within the discretion of a city's governing body.

**3. Eminent Domain § 1— choice of route — review**

A city council's choice of a route, or the land to be condemned for a street, will not be reviewed on the ground that another route may have been more appropriately chosen unless it appears that there has been an abuse of discretion.

**4. Eminent Domain § 1— abuse of discretion — allegations — question of fact**

Upon specific allegations tending to show bad faith, malice, wantonness, or oppressive and manifest abuse of discretion by the condemnor, the issue raised becomes a question of fact to be determined by the judge.

**5. Costs § 1— statutory authority**

Costs may be taxed solely on the basis of statutory authority.

**6. Costs § 4— unnecessary expenses**

Even when allowed by statute, costs and expenses unnecessarily incurred by the prevailing party may not be taxed against the unsuccessful party.

**7. Costs § 4— expense of surveys, maps, etc.**

The expense of procuring surveys, maps, plans, photographs and documents are not taxable as costs unless there is clear statutory authority therefor or they have been ordered by the court. G.S. 38-4.

City of Charlotte v. McNeely

8. **Costs § 4— witness fees**

Unless authorized by statute, witness fees cannot be allowed and taxed for a party to the action.

9. **Costs § 4— witness fees — expert witness fees — party's own testimony**

A successful party is not entitled to have either a witness fee or an expert witness fee for his own testimony taxed against his losing adversary.

10. **Costs § 4— time spent in hearing**

A party is not entitled to recover as costs either the statutory compensation for witnesses or an hourly wage or per diem for time such party spent in attending hearings and securing evidence.

11. **Costs § 4— attending hearings and securing evidence — mileage, meals, and hotel**

A party is not entitled to recover as costs an allowance for mileage and for meals and hotel bills expended in securing evidence and attending hearings.

12. **Costs § 4— expert witness fees — competency of testimony**

Expert witness fees can be taxed against an adverse party only when the testimony of the witness examined (or tendered) was (or would have been) material and competent.

13. **Costs § 4— engineering expenses — expert witness fee — irrelevancy of evidence**

Where a proceeding instituted by a city to condemn a right-of-way over respondents' land for the purpose of widening a street was dismissed without prejudice because the city had not complied with statutory procedural requirements, the respondents are not entitled to recover as costs taxable against the city (1) engineering expenses incurred for the purpose of showing that public convenience did not require the city to widen the street and that another plan more acceptable to respondents was as good as the city's plan, or (2) an expert witness fee for testimony by a civil engineer that the plan favored by respondents was as good as the city's plan, since such evidence was totally irrelevant to the question of the city's right to condemn the property in question.

14. **Costs § 4— attorneys' fees**

In the absence of express statutory authority, attorneys' fees are not allowable as part of the court costs in civil actions.

15. **Costs § 4— condemnation proceeding — counsel fees — taxation as costs**

Unless the petitioner in a condemnation proceeding submits to a voluntary nonsuit or otherwise abandons the proceeding, the court is authorized to tax counsel fees as a part of the costs of such proceeding only for an attorney appointed by the court to appeal for and protect the rights of any party in interest who is unknown or whose residence is unknown. G.S. 40-2; G.S. 40-24.

**16. Costs § 4— interest on costs**

Interest on costs properly assessed may not be allowed without statutory authority, and such interest is expressly disallowed by statute in this State. G.S. 24-5.

APPEAL by respondents from *Thornburg, S. J.,* 15 March 1971 Civil Non-jury Session of MECKLENBURG; transferred from the Court of Appeals for initial appellate review by the Supreme Court under its general order of 31 July 1970, entered pursuant to G.S. 7A-31 (b) (4); docketed and argued at the Fall Term 1971 as Case No. 147.

This was a condemnation proceeding which was dismissed by the court without prejudice. The appeal stems from respondents' petition for the allowance of additional costs.

On 2 April 1965, the City of Charlotte (City), acting under a charter provision authorizing it to condemn property as provided "by the Public Laws of North Carolina," instituted this proceeding to condemn a 20-foot right-of-way over respondents' land for the purpose of widening Alleghany Street.

City alleged that the public necessity for condemning respondents' land had been "duly determined" by the City Council and that City had attempted, without success, to buy the property. Answering, respondents admitted their refusal to negotiate with City for the sale of any part of their land and alleged that City, in bad faith, and pursuant to "a diabolical and reprehensible scheme," was attempting to appropriate their property without due process of law when there was no public necessity for the taking.

After "some eleven hearings" during which "nine books of testimony was taken" the Clerk made thirty findings of fact, the twenty-fourth being as follows: "There is no evidence that the City Council has officially or specifically authorized the widening and paving of Alleghany Street between Wilkinson Boulevard and Denver Avenue, but did approve condemnation proceedings to take the Respondents' land for that purpose." Upon his findings the clerk concluded as a matter of law that public convenience and necessity did not require the condemnation of respondents' land; that City had acted arbitrarily and abused its legal discretion; and that City was not entitled to condemn the property in suit. On 2 August 1966 he signed an order dismissing the proceeding, and City appealed to the judge.

On 11 August 1969 Judge Bryson adopted each of the clerk's findings of fact and conclusions of law, and affirmed his order dismissing the proceeding. City appealed to the Court of Appeals.

The Court of Appeals, in an opinion by Judge Parker, reported in 8 N.C. App. 649, 175 S.E. 2d 348, held: (1) The record failed to show City's compliance with G.S. 160-207, which required City's governing body (a) to pass a resolution describing generally the nature of the proposed street improvement for which land must be condemned; and (b) to hold a public hearing after ten days published notice of time, place, and purpose, at which reasons for or against the proposed improvements may be voiced. (2) City's failure to comply with G.S. 160-207 supports the trial court's Finding of Fact No. 24 and supports the judgment dismissing this proceeding. (3) Certain other findings of fact made by the court are irrelevant and may be treated as surplusage.

The Court of Appeals affirmed the judgment of the Superior Court but specifically pointed out that "[d]ismissal of the present proceeding in no way bars the City, if it is so advised, from widening Alleghany Street or any other street in the City as the City's governing body may decide, and for such purpose the City may institute new condemnation proceedings in compliance with currently applicable charter and statutory procedural requirements."

On 11 August 1970 respondents filed with the clerk of the Superior Court a "petition for allowance of respondents' court costs." In brief summary, they allege that in consequence of the "illegal nature" of this proceeding and the "irresponsible abandon" with which the City pursued it, in the defense of their property respondents incurred the following costs, which they are entitled to recover from City (enumeration ours):

1. Miscellaneous Maps, Document Reproductions and Ordinances _____$    80.44

2. Hearings and Transcript Records _____     546.10

3. (a) Compensation of respondent Sam McNeely, Jr., at $10 per hr. for 1,363.5 hrs. consumed in attending hearings and securing evidence, etc. _____ 13,635.00

   (b) Margaret C. McNeely, 777 hrs. at $3.00 per hour _____  2,331.00

4. Travel Expenses

    (a) Mileage, 2,096 miles at .10 in
        securing evidence and attending
        hearings _____$206.90

    (b) Meals and hotel bills _____  55.77        262.67

5. Engineering Costs and Testimony
    (a) F. N. Cunningham _____  55.50
    (b) Spratt-Seaver, Inc. _____  60.00
    (c) Ralph Whitehead & Associ-
        ates Three invoices of $25.00,
        $360.18, and $423.52, respec-
        tively _____ 808.70        924.20

6. Legal Expenses _____  2,250.00

7. Interest on Principal (the above items) _____  5,500.00

8. Zerox copies of Invoice No. A 920390 obtained
    from the Clerk of Superior Court 4-27-70 _____        6.50

9. Copy of Court of Appeals opinion _____        2.50

        FINAL TOTAL _____$25,538.41

The clerk heard respondents' petition and found that their legal fees were "exceptionally reasonable"; that at the hearings only two witnesses, both offered by respondents, were found to be experts: Ralph Whitehead in civil engineering and respondent Sam S. McNeely, Jr., in map reading and map making; that respondents had "put aside their business pursuits and spent practically full time" for nine months working on this proceeding to "irreparable damage of their general insurance agency." He concluded as a matter of law that City had "acted in abuse of discretion and without adequate determining principal" in attempting to condemn respondents' property, and equity and good conscience require that respondents' "direct costs" in the amount of $25,535.91 be taxed against City (the total of the items set out in respondents' petition less Item 9, the cost of a copy of the opinion of the Court of Appeals, in the amount of $2.50).

On 16 September 1970, "in the discretion of this court," the clerk taxed the sum of $25,535.91 against City and directed its disbursement to respondents immediately upon payment. City moved the clerk to retax the costs except as to Item 2 ($546.10

for transcripts of the various hearings). The clerk denied the motion and City appealed to the judge.

Judge Thornburg heard City's appeal and entered his judgment on 18 March 1971. In it he approved the assessment of items 1 and 2, and disapproved in toto items 3(b), 4, 5(a) and (b), 6, 7 and 9. As to Item 5(c) he held that the findings did not support the assessment but ruled that, if the clerk should find "that Ralph L. Whitehead testified as an expert witness, he may be paid a reasonable expert witness fee" for so testifying. Item 3(a) was disapproved "except insofar as the Clerk may determine said party [Sam F. McNeely, Jr.,] has testified as an expert witness, in which event reasonable payment shall be allowed for this service only." Item 9 was disallowed by the clerk, and the judge seems to have overlooked Item 8 as his judgment contains no reference to it.

Judge Thornburg overruled the clerk's conclusion of law and noted that neither he nor the clerk made any finding that City had abandoned its efforts to condemn respondents' property. His judgment remanded the proceeding to the clerk "for proceedings consistent with this order and for the assessment of proper costs."

Respondents excepted "to the signing and entry of this order" and gave notice of appeal.

*W. A. Watts for petitioner-appellee.*

*Sam S. McNeely, Jr., in propria persona for respondent-appellants.*

SHARP, Justice.

Appellants' statement of case on appeal, assignments of error, and brief do not comply with the rules of the Appellate Division, and are rife with extraneous matter which serve only to multiply pages and increase the costs of this appeal. The only question which arises on this record is whether respondents are entitled to have certain of the items allowed by the clerk, and disallowed by the judge, taxed against City as a part of their recoverable costs in this proceeding. Despite respondents' failure to comply with the rules of appellate procedure, because they are laymen appealing without counsel, and because of the extraordinary nature of the bill of costs taxed by the clerk, we have decided to answer the questions presented.

City of Charlotte v. McNeely

At the outset it is emphasized that the Court of Appeals affirmed the dismissal of this proceeding upon the sole ground that City had failed to comply with certain procedural statutory requirements, and that the dismissal was without prejudice to its right to reinstitute the proceeding upon compliance with the conditions. Neither party attempted to have this ruling reviewed, and the decision of the Court of Appeals became the law of the case.

It is also noted that, from the beginning, respondents have contended that City's governing body abused its discretion when it decided to widen Alleghany Street and to take a right-of-way over their property for that purpose. The Court of Appeals properly held that, on the record, the findings of clerk and judge in accordance with these contentions by respondents were immaterial and surplusage. The applicable principles of law are these:

[1-4]  In any condemnation proceeding the question of what is a public purpose is one for the court. The taking of property to construct or enlarge a public street is, as a matter of law, a taking for a public purpose. The public purpose being established, "the question as to the necessity or expediency of devoting the property to the public use is one which must be left to the legislative department." *Jeffress v. Greenville,* 154 N.C. 490, 498, 70 S.E. 919, 922 (1911). Thus, the advisability of widening a public street is a matter within the discretion of a city's governing body. When the applicable statutes have been followed, neither the landowner affected nor the court can interfere with the exercise of this power until the question of compensation is reached. *Durham v. Rigsbee,* 141 N.C. 128, 53 S.E. 531 (1906). *See Morganton v. Hutton & Bourbonnais Company,* 251 N.C. 531, 112 S.E. 2d 111 (1959) ; *Highway Commission v. Young,* 200 N.C. 603, 158 S.E. 91 (1931). Further, a city council's choice of a route, or the land to be condemned for a street, "will not be reviewed on the ground that another route may have been more appropriately chosen unless it appears that there has been an abuse of the discretion." *Charlotte v. Heath,* 226 N.C. 750, 754, 40 S.E. 2d 600, 603 (1946). Upon specific allegations tending to show bad faith, malice, wantonness, or oppressive and manifest abuse of discretion by the condemnor, the issue raised becomes the subject of judicial inquiry as a question of fact to be determined by the judge. *In re Housing Authority,* 235 N.C. 463, 70 S.E. 2d 500 (1952) ; *Selma v. Nobles,* 183 N.C. 322, 111

S.E. 543 (1922) ; *Power Co. v. Wissler*, 160 N.C. 269, 76 S.E. 267 (1912) ; *Jeffress v. Greenville, supra.* See *Kaperonis v. Highway Commission*, 260 N.C. 587, 133 S.E. 2d 464 (1963).

[5]  In considering any question involving court costs the following principles are pertinent: At common law neither party recovered costs in a civil action and each party paid his own witnesses. *Chadwick v. Insurance Co.*, 158 N.C. 380, 74 S.E. 115 (1912). Today in this State, "all costs are given in a court of law in virtue of some statute." *Costin v. Baxter*, 29 N.C. 111, 112 (1846). The simple but definitive statement of the rule is: "[C]osts in this State, are entirely creatures of legislation, and without this they do not exist." *Clerk's Office v. Commissioners*, 121 N.C. 29, 30, 27 S.E. 1003 (1897). See 2 McIntosh, N. C. Practice and Procedure § 2538 (1956).

[6]  Since costs may be taxed *solely* on the basis of statutory authority, it follows a fortiori that courts have no power to adjudge costs "against anyone on mere equitable or moral grounds." 20 C.J.S. *Costs* §§ 1, 2 (1940). Furthermore, even when allowed by statute, "[c]osts and expenses unnecessarily incurred by the prevailing party will not be taxed against the unsuccessful party." 20 C.J.S. *Costs* § 256 (1940). *See Chadwick v. Insurance Co., supra.*

City properly concedes that respondents, to whom judgment was given, are entitled to recover their actual costs reasonably incurred and specifically authorized by statutes. Clearly, however, such reimbursement is the limit of their entitlement. *See* G.S. 6-1, G.S. 6-23 (1964) ; *Whaley v. Taxi Co.*, 252 N.C. 586, 114 S.E. 2d 254 (1960).

In *Morris, Solicitor v. Shinn*, 262 N.C. 88, 89, 136 S.E. 2d 244, 245 (1964), this Court said: "An award of costs is an exercise of statutory authority; if the statute is misinterpreted, the judgment is erroneous." Therefore, we consider the legality of the various items which appellants seek to have taxed as costs.

*Items 1, 2, 8 and 9*

[7]  *Item 1.* Judge Thornburg allowed Item 1, the cost of unidentified "miscellaneous maps, document reproductions and ordinances" in the amount of $80.44. Since City did not appeal, the allowance of this charge is res judicata. We note, however, the expense of procuring surveys, maps, plans, photographs and "documents" are not taxable as costs unless there is clear statu-

---

**City of Charlotte v. McNeely**

---

tory authority therefor or they have been ordered by the court. 20 C.J.S. *Costs* §§ 219, 220 (1940). *See* G.S. 38-4 (1966) and cases cited in the annotation thereunder.

*Item 2.* On the hearing before Judge Thornburg City did not contest its liability for this item, the cost of transcripts of the hearings in the amount of $546.10.

*Item 8.* City's liability for this item, $6.50 to the clerk for Xerox copies of an invoice, cannot be adjudicated on this appeal since the judge did not rule upon it and no hint of its purpose appears in the record.

*Item 9.* This charge of $2.50, the "expense of obtaining copy of Court of Appeals opinion," is res judicata. It was the one item in respondents' petition which the clerk *disallowed.*

### Items 3, 4, 5, 6 and 7

[8] *Item 3, Compensation to Respondents for Time Spent in Preparing for and Attending Hearings.* The general rule is that, unless authorized by express statute provision, witness fees cannot be allowed and taxed for a party to the action. 20 C.J.S. *Costs* § 222 (1940) ; *Hopkins v. General Electric Co.,* 93 F. Supp. 424 (D. Mass. 1950) ; *Shepherd v. Morrison's Cafeteria Co.,* 29 Ala. App. 189, 194 So. 427 (1940) ; *Leonard v. Bottomley,* 210 Wis. 411, 245 N.W. 849 (1932) ; *Bostrom v. Duffield,* 28 S.W. 2d 610 (Tex. Civ. App. 1930). Our statute, G.S. 6-1 (1969), in pertinent part, provides: "To either party for whom judgment is given there shall be allowed as costs his actual disbursements for fees to the officers, witnesses, and other persons entitled to receive the same."

Since the right to tax costs did not exist at common law and costs are considered penal in their nature, "[s]tatutes relating to costs are strictly construed." 20 Am. Jur. 2d *Costs* § 6 (1965). However, in construing G.S. 6-1, it is not necessary to resort to rules of construction. Clearly, the legislature did not contemplate that a party would disburse or become liable to himself for a fee when he testified as a witness for himself in his own case. Neither did it contemplate that a party would pay an officer to subpoena himself as a witness. The losing party is taxed with the costs of his adversary's witness only if the witness was subpoenaed and examined or tendered. G.S. 6-53. *Chadwick v. Insurance Co., supra;* 2 McIntosh, N. C. Practice and Procedure § 2538(1) (1956).

City of Charlotte v. McNeely

The following quotation contained in *Hinton v. Scharoun Industries,* 41 N.Y.S. 2d 595, 596 (1943) is applicable to this case: "The legislature never intended, I think, in allowing parties to be witnesses for themselves, to put them on a par with other witnesses in respect to witness fees, when they attend the trial to give evidence in their own favor. This would open a door to much abuse, which I should be unwilling to sanction till the legislature so commands."

[9] A fortiori, if a successful party is not entitled to have a witness fee for himself taxed against his losing adversary he is not entitled to have taxed an expert witness fee for himself. Therefore, Judge Thornburg erred in authorizing the clerk, upon retaxing the costs to allow respondent Sam S. McNeely, Jr., "reasonable payment" for his testimony as an expert witness. Although this error was against City, which did not appeal, public policy requires that such a practice not be initiated. Therefore, in the exercise of our supervisory powers, N. C. Const. art. IV, § 12(1) (1970); G.S. 7A-32 (1969), this ruling is vacated.

[10] Respondents are entitled to recover neither the statutory compensation for witnesses nor an hourly wage or per diem for the time they expended in "attending hearing, securing evidence, exhibits, et cetera." In *Horner v. Chamber of Commerce,* 236 N.C. 96, 72 S.E. 2d 21 (1952), a case in which attorney's fees were held properly allowable as costs to a plaintiff who had recovered public funds in an action the City of Burlington had refused to bring, this Court said: "We are not unmindful that the power to make an allowance of counsel fees from a fund brought into court is susceptible of great abuse, and should be exercised with jealous caution. . . .[but] with the power of award being limited to items of reasonable attorney fees and expenses, *so as to exclude compensation or allowance of any kind for the time and effort of the suing taxpayer, thus fixing it so the taxpayer may not capitalize on the suit,* we see no real danger of abuse." (Emphasis added.) *Id.* at 101, 72 S.E. 2d at 24-25. The foregoing statement recognizes the well established rule, and the reason for it, that a party is not entitled to compensation for the time and effort he devotes to the litigation. Respondents' bills, $13,635.00 for Sam McNeely, Jr., and $2,331.00 for Margaret C. McNeely, seem to demonstrate the wisdom of the rule.

Judge Thornburg properly disallowed in its entirety Item 3(b), and he erred in not disallowing Item 3(a) in its entirety.

[11] *Item 4 Travel Expenses.* As to this item, an allowance to respondents of $206.90 for mileage and $55.77 for meals and hotel bills expended "in securing evidence and attending hearings," the exposition on Item 3 is equally applicable here. No statute authorizes the inclusion of such expenses in court costs, and Judge Thornburg properly disallowed them.

[12] *Item 5, Engineering Costs and Testimony.* From the entire record of this proceeding, from respondents "Statement of the Case" incorporated therein, and from their brief, it is quite clear that respondents incurred these costs solely for the purpose of showing (1) that public necessity and convenience did not require City to expand Alleghany Street (a thoroughfare leading to Harding High School) into four lanes; and (2) that, in any event, another plan prepared by Ralph L. Whitehead, professional engineer, was equally as good as City's and more acceptable to respondents since it would require only a 10-foot right-of-way over their land. Such evidence was irrelevant to the question before the clerk and Judge Bryson. As earlier noted the law left these matters to the judgment of City's governing body. As the Court of Appeals held, the only question properly before the clerk and Judge Bryson was whether City had followed statutory requirements before instituting the proceeding.

Because City had not complied with the statutory requirements the Court of Appeals held that the proceeding must be dismissed, but it also held that the dismissal was without prejudice to City's right to condemn the property upon compliance with the applicable statutory provisions. It also specifically noted that the clerk's other findings, which Judge Bryson adopted, were irrelevant and to be treated as surplusage.

[13] As previously pointed out, under Item 1, unless specifically authorized by statute, or by an order of the court in a proper case, the cost of obtaining maps, surveys, and plats for use on trial are not allowed as taxable costs. Further, expert witness fees can be taxed against an adverse party only when the testimony of the witness examined (or tendered) was (or would have been) material and competent. *Chadwick v. Insurance Co., supra;* 20 C.J.S. *Costs* § 244 (1940). Conceding, as

the clerk found, that Ralph L. Whitehead is an expert civil engineer, his testimony that his plan for widening Alleghany Street was as good as City's, was totally irrelevant to the question of City's right to condemn the property in question. The record discloses no facts which would justify taxing, as a part of the costs for which City is liable, an expert witness fee for Mr. Whitehead. If one is to be taxed, as permitted by Judge Thornburg's order, it must be taxed against respondents, whose witness he was. As against City, Item 5 must be disallowed in toto.

[14, 15] *Item 6, Legal Expenses.* In this jurisdiction, in the absence of express statutory authority, attorneys' fees are not allowable as part of the court costs in civil actions. *Bowman v. Chair Co.,* 271 N.C. 702, 157 S.E. 2d 378 (1967), and cases cited therein. *See Trust Co. v. Schneider,* 235 N.C. 446, 70 S.E. 2d 578 (1952) ; 2 McIntosh, N. C. Practice and Procedure § 2538 (2) (1956). With one exception, in eminent domain proceedings the court is authorized to tax counsel fees as a part of the costs only for an attorney appointed by the court "to appeal for and protect the rights of any party in interest who is unknown or whose residence is unknown." G.S. 40-24 (1966). It is counsel appointed under G.S. 40-24 (1966) to which G.S. 40-19 (1966) refers in providing that a landowner is divested of title when the condemnor pays into court the sum assessed as damages for the taking of his property, "together with costs and counsel fees allowed by the court." *Light Company v. Creasman,* 262 N.C. 390, 137 S.E. 2d 497 (1964) ; *Durham v. Davis,* 171 N.C. 305, 88 S.E. 433 (1916) ; *R. R. v. Goodwin,* 110 N.C. 175, 14 S.E. 687 (1892).

The one exception referred to above is contained in G.S. 1-209.1 (1969), which provides: "In all condemnation proceedings authorized by G.S. 40-2 or by any other statute, all clerks of the superior courts are authorized to fix and tax the petitioner with a reasonable fee for respondent's attorney in cases in which the petitioner takes or submits to a voluntary nonsuit or otherwise abandons the proceeding." This section, as Judge Thornburg noted, has no application to the facts of this case. (Although not pertinent to decision here, City's brief asserts that it has proceeded with a new action, which is now pending.)

The statutes cited by respondents in support of their contention that they should be allowed counsel fees—G.S. 6-21(5),

G.S. 21.1, G.S. 21.2 (1969) ; G.S. 136-114, G.S. 136-119 (1964) ; G.S. 40-19 (1966)—have no application to this proceeding. Judge Thornburg correctly disallowed Item 4.

[16] *Item 7, Interest on Costs.* Since the greater portion of this item of $5,500.00 is interest calculated on items of disallowed costs, it could not be sustained in any event. However, it is the general rule that interest on costs properly assessed may not be allowed without statutory authority. 20 C.J.S. *Costs* § 190 (1940). In this State, interest on costs is expressly disallowed by statute. G.S. 24-5 (1965), provides, *inter alia,* that "the amount of any judgment or decree, *except the costs,* rendered or adjudged in any kind of action, though not on contract, shall bear interest till paid, and the judgment or decree of the court shall be rendered according to this section." The judge properly disallowed Item 7.

It is obvious that from the beginning respondents have contested this proceeding upon a misapprehension of City's legal rights. They were entitled, if so advised, to require City to comply strictly with all statutory procedures. However, after having done so, on the facts disclosed, City would be entitled to reinstitute the proceeding and proceed with the condemnation as originally planned.

It is a matter of regret that in a condemnation proceeding involving a 20-foot right-of-way over land, which commissioners assessed at $4,071.00 in April 1965 (according to City's brief), respondents have expended in time or money (according to their calculations) $25,538.41. However, they made a judgment decision and must abide the consequences.

Judge Thornburg correctly vacated the clerk's order allowing respondents to recover from City court costs in the amount of $25,538.41, less $2.50. However, that portion of his judgment remanding the cause to the clerk for the assessment of proper costs in conformity with his order is vacated. The cause will be remanded to the clerk for the assessment of costs in accordance with this opinion. This means that of the items claimed by respondents in their petition for allowance of court costs, the clerk will tax against City only items 1 and 2, miscellaneous maps, document reproductions and ordinances ($80.44) and hearing and transcript recordings ($546.10), a total of $626.54.

Respondents will pay the costs of this appeal.

Modified and affirmed.