NO. COA14-165

NORTH CAROLINA COURT OF APPEALS

Filed:  5 August 2014

Keen Lassiter, as Guardian Ad
Litem for JAKARI BAIZE, a minor,
        Plaintiff,

        v.                                Johnston County
                                          No. 11 CVS 3982
NORTH CAROLINA BAPTIST HOSPITALS,
INCORPORATED a/k/a NORTH CAROLINA
BAPTIST HOSPITAL, WAKE FOREST
UNIVERSITY HEALTH SCIENCES, TERRY
DANIEL, M.D. AND DAYSPRING FAMILY
MEDICINE ASSOCIATES, PLLC,
        Defendants.


        Appeal by plaintiff from orders entered 9 September 2013 by

Judge Thomas H. Lock in Johnston County Superior Court.  Heard

in the Court of Appeals 21 May 2014.

        *Pulley, Watson, King & Lischer, P.A., by Charles F.
        Carpenter and Tracy K. Lischer, and Edwards & Edwards,
        L.L.P., by Joseph T. Edwards and Sharron R. Edwards, for
        plaintiff-appellant.*

        *Wilson Helms & Cartledge, LLP, by G. Gray Wilson and Linda
        L. Helms, for defendant-appellees North Carolina Baptist
        Hospitals, Incorporated a/k/a North Carolina Baptist
        Hospital and Wake Forest University Health Sciences.*

        *Carruthers & Roth, P.A., by Richard L. Vanore, Norman F.
        Klick, Jr., and Robert N. Young, for defendant-appellees
        Terry Daniel, M.D. and Dayspring Family Medicine
        Associates, PLLC.*

        McCULLOUGH, Judge.

Plaintiff Keen Lassiter as *guardian ad litem* for Jakari Baize appeals an order granting expert witness fees as costs to defendants Terry Daniel, M.D., and Dayspring Family Medicine Associates, PLLC, pursuant to section 7A-305 of the North Carolina General Statutes. Based on the reasons stated herein, we reverse and remand the orders of the trial court.

## I. Background

On 8 December 2010, Chinatha Clark as *guardian ad litem* for Jakari Baize filed a complaint against defendants North Carolina Baptist Hospitals, Incorporated a/k/a North Carolina Baptist Hospital, Wake Forest University Health Sciences (collectively "defendants Baptist and Wake Forest"), Terry Daniel, M.D., and Dayspring Family Medicine Associates, PLLC (collectively "defendants Daniel and Dayspring") for medical malpractice.

In February of 2011, defendants filed motions for the court to schedule a discovery conference.

On 6 July 2012, plaintiff Keen Lassiter as *guardian ad litem* for Jakari Baize filed an "Amended Designation of Expert Witnesses."

Following a hearing held on 13 January 2013, the trial court entered a "Discovery Scheduling Order" ("DSO"). The DSO was amended by order entered 4 February 2013. Plaintiff was

ordered to designate, on or before 1 May 2012, all expert witnesses intended to be called at trial. The trial court also stated that "[p]laintiff shall make [his] expert witnesses available for deposition upon request by any party on or before November 15, 2012."

Prior to the 15 November 2012 deadline, the following witnesses were deposed by defendants: Kitty B. Carter-Wicker, M.D. on 27 July 2012; Thomas Hegyi, M.D. on 3 August 2012; Richard Inwood, M.D. on 22 August 2012; Marcus C. Hermansen, and M.D. on 25 September 2012.

On 20 December 2012, plaintiff filed a "Motion to Amend Discovery Scheduling Order" seeking an extension of the deadline to depose his expert witnesses.

On 27 December 2012, defendants filed a "Motion to Strike and Exclude Certain Expert Witnesses Designated by Plaintiff," arguing that plaintiff had failed to comply with the provisions of the DSO. Defendants argued that plaintiff failed to provide dates, prior to the 15 November 2012 deadline, for the depositions of the following expert witnesses: Richard C. Lussky, M.D.; J.C. Poindexter, Ph.D.; Lois Johnson, M.D.; Ann T. Neulicht, M.D.; and Steven Shapiro, M.D. Defendants asserted that they would be prejudiced if the aforementioned expert

witnesses were not stricken and precluded from testifying at trial.

Following a hearing held at the 14 January 2013 term of Johnston County Superior Court, the trial court entered an order, denying plaintiff's motion to amend the DSO and granting, in part, defendants' motion to strike and exclude certain expert witnesses. Dr. Lussky, Dr. Poindexter, and Dr. Neulicht were excluded from testifying as experts; Dr. Shapiro was only allowed to testify as a treating physician and not as an expert; and Dr. Johnson was to be made available for deposition no later than 1 March 2013.

On 22 July 2013, plaintiff filed a "Notice of Voluntary Dismissal Without Prejudice" of all claims against all defendants.

On 2 August 2013, defendants Daniel and Dayspring filed a motion to tax costs against plaintiff pursuant to section 41(d)[1] of the North Carolina Rules of Civil Procedure and sections 7A-305 and 6-20 of the North Carolina General Statutes. Defendants Daniel and Dayspring alleged that they had "incurred reasonable

---

[1]N.C. Gen. Stat. § 1A-1, Rule 41 (2013), entitled "Voluntary dismissal; effect thereof," provides in subsection (d) the following: "Costs. – A plaintiff who dismisses an action or claim under section (a) of this rule shall be taxed with the costs of the action unless the action was brought in forma pauperis."

and necessary expenses for stenographic and videographic services, the cost of deposition transcripts, travel expenses of defense counsel for depositions and expert witness fees for the depositions of plaintiffs' expert witnesses in the total amount of $39,749.60[.]"

Also on 2 August 2013, defendants Baptist and Wake Forest filed a motion to tax costs against plaintiff pursuant to Rule 41(d) of the North Carolina Rules of Civil Procedure. Defendants Baptists and Wake Forest alleged that they had incurred "reasonable and necessary costs in the amount of $29,609.80" in the preparation and defense of plaintiff's action.

Following a hearing held at the 26 August 2013 civil session of Johnston County Superior Court, the trial court entered orders taxing certain costs against plaintiff on 9 September 2013. The trial court denied expenses incurred by defendants for video conferencing, stenographic preparation of a deposition summary, and room rent which were found to be "not reasonable and necessary." However, the trial court held as follows:

> [defendants] incurred expenses recoverable
> under North Carolina General Statute § 7A-
> 305 for stenographic and videographic
> services and expert witness fees for

> depositions of expert witnesses taken pursuant to the provisions of the [DSO] entered in this action which the Court concludes did not need to be subpoenaed in light of the language of the [DSO] and that those expenses set forth below were, in the Court's discretion, reasonable and necessary[.]

The trial court ordered $23,799.61 to be taxed as costs against plaintiff to be paid to defendants Baptist and Wake Forest and $24,738.76 to be taxed as costs against plaintiff to be paid to defendants Daniel and Dayspring.

On 30 September 2013, plaintiff entered notice of appeal from these two orders.

## II. Standard of Review

"Whether a trial court has properly interpreted the statutory framework applicable to costs is a question of law reviewed *de novo* on appeal. The reasonableness and necessity of costs is reviewed for abuse of discretion." *Peters v. Pennington*, 210 N.C. App. 1, 25, 707 S.E.2d 724, 741 (2011) (citations omitted).

## III. Discussion

The sole issue on appeal is whether the trial court erred by granting expert witness fees as costs to defendants pursuant to section 7A-305 of the North Carolina General Statutes.

Pursuant to N.C. Gen. Stat. § 6-20,

> [i]n actions where allowance of costs is not otherwise provided by the General Statutes, costs may be allowed in the discretion of the court. Costs awarded by the court are *subject to the limitations* on assessable or recoverable costs *set forth in G.S. 7A-305(d)*, unless specifically provided for otherwise in the General Statutes.

N.C. Gen. Stat. § 6-20 (2013) (emphasis added). N.C. Gen. Stat. § 7A-305(d)(11) grants the trial court explicit statutory authority, to award as discretionary costs, "[r]easonable and necessary fees of expert witnesses solely for actual time spent providing testimony at trial, deposition, or other proceedings." N.C. Gen. Stat. § 7A-305(d)(11) (2013). In addition, N.C. Gen. Stat. § 7A-314 provides, *inter alia*, that

> (a) A witness under subpoena . . . shall be entitled to receive five dollars ($ 5.00) per day, or fraction thereof, during his attendance[.]
>
> (b) A witness entitled to the fee set forth in subsection (a) of this section . . . shall be entitled to receive reimbursement for travel expenses . . . .
>
> . . . .
>
> (d) An expert witness . . . shall receive such compensation and allowances as the court, or the Judicial Standards Commission, in its discretion, may authorize. . . .

N.C. Gen. Stat. § 7A-314(a), (b), and (d) (2013). "In sum, before a trial court may assess expert witness testimony fees as costs, the testimony must be (1) reasonable, (2) necessary, and (3) given while under subpoena." *Peters*, 210 N.C. App. at 26, 707 S.E.2d at 741.

Both plaintiffs and defendants agree that N.C. Gen. Stat. § 7A-305, read in conjunction with N.C. Gen. Stat. § 7A-314, limits the trial court's power to award expert fees as costs only when the expert is under subpoena. However, plaintiff argues that because none of the expert witnesses were subpoenaed, the DSO did not modify or waive the requirement of a subpoena, and the parties did not waive the subpoena requirement, the trial court erred by granting expert witness fees. On the other hand, defendants contend that the DSO eliminated the need to subpoena expert witnesses for deposition.

Both plaintiff and defendants cite to our holding in *Jarrell v. The Charlotte-Mecklenburg Hospital Authority*, 206 N.C. App. 559, 698 S.E.2d 190 (2010), in furtherance of their respective arguments. In *Jarrell*, the plaintiffs challenged an order granting the defendants' motion for costs, "specifically disputing that portion totaling $5,715.40 in costs associated with out-of-state expert witnesses." *Id.* at 560, 698 S.E.2d at

191. Two expert witnesses were served with subpoenas to testify, but the plaintiffs argued that the out-of-state expert witnesses appearances at trial were not subject to subpoena because the subpoenas served upon them were ineffective to compel their attendance. *Id.* at 564, 698 S.E.2d at 193. The defendants argued that their discovery scheduling order "expressly waived the statutory requirement that expert witnesses must testify pursuant to subpoena before the prevailing party may recover expert fees." *Id.* at 561, 698 S.E.2d at 191-92. Our Court reviewed the language of the *Jarrell* discovery scheduling order and directed our attention to a paragraph that stated that "[a]ll parties agree that experts need not be issued a subpoena either for deposition or for trial and waive that requirement of the statute as it may affect the recovery of costs." *Id.* at 561, 698 S.E.2d at 192.

In *Jarrell*, our Court reiterated the following:

> [w]here § 7A-314 specifically authorizes the court to tax expert witness fees as costs, only "witness[es] under subpoena, bound over, or recognized" are included. Read *in pari materia*, with specific statutes prevailing over general ones, § 7A-314 limits the trial court's broader discretionary power under § 7A-305(d)(11) to award expert fees as costs only when the expert is under subpoena.

*Id.* at 563, 698 S.E.2d at 193.

Although our Court agreed with the defendants that the "the express terms of the DSO would [have] render[ed] inapplicable the statutory provisions detailing recovery of expert witness costs," it did not consider the substance of the defendants' argument for failure to raise it at the trial level. *Id.* at 561-62, 698 S.E.2d at 192. Our Court ultimately ruled that the plaintiffs lacked standing to challenge the validity of the subpoenas served on the non-party expert witnesses. *Id.* at 560, 698 S.E.2d at 191. In addition, our Court held that because the "[p]laintiffs are not entitled to argue that [the expert witnesses'] appearance was voluntary in fact, [the] [d]efendants have met not only the requirements of § 7A-305(d)(11) but have also overcome the hurdle imposed by § 7A-314 'that the cost of an expert witness cannot be taxed unless the witness has been subpoenaed.'" *Id.* at 565, 698 S.E.2d at 194.

Based on a thorough review, we hold that the facts of *Jarrell* are distinguishable from the case *sub judice*. In *Jarrell*, the expert witnesses were subpoenaed while the expert witnesses at issue here were never issued a subpoena. Another important distinguishing factor is that the discovery scheduling order language in *Jarrell* was explicit in terms of waiving the requirement of issuing an expert witness a subpoena in order to

recover costs. Here, the DSO language merely provided that "[p]laintiff shall make [his] expert witnesses available for deposition upon request by any party on or before November 15, 2012." There was no mention by the parties that the expert witnesses at issue did not need to be issued subpoenas for deposition or for trial and we do not interpret this DSO language as a waiver of the statutory requirements detailing recovery of expert witness costs. Based on the foregoing, we hold that the trial court erred by awarding costs for expert witnesses when the witnesses were not under subpoena. *See Stark v. Ford Motor Co.*, __ N.C. App. __, __, 739 S.E.2d 172, 176 (2013) (citing *Jarrell*, Ford Motor Company conceded and our Court agreed that the trial court erred in awarding fees for expert witnesses incurred while the expert witnesses were not under subpoena).

## IV. <u>Conclusion</u>

We reverse the trial court's 9 September 2013 orders to the extent it awarded costs for expert witnesses when the witnesses were not under subpoena. We also remand to the trial court for a determination of an award of costs consistent with this opinion.

Reversed and remanded.

Judges STEPHENS and STROUD concur.