IN THE SUPREME COURT OF NORTH CAROLINA

No. 330PA14

FILED 6 NOVEMBER 2015

KEEN LASSITER, as Guardian ad Litem for JAKARI BAIZE, a minor

v.

NORTH CAROLINA BAPTIST HOSPITALS, INCORPORATED a/k/a NORTH CAROLINA BAPTIST HOSPITAL, WAKE FOREST UNIVERSITY HEALTH SCIENCES, TERRY DANIEL, M.D., and DAYSPRING FAMILY MEDICINE ASSOCIATES, PLLC

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, ___ N.C. App. ___, 761 S.E.2d 720 (2014), reversing and remanding orders entered on 9 September 2013 by Judge Thomas H. Lock in Superior Court, Johnston County. Heard in the Supreme Court on 1 September 2015.

*Crabtree, Carpenter & Connolly, PLLC, by Charles F. Carpenter; and Edwards & Edwards, L.L.P., by Joseph T. Edwards and Sharron R. Edwards, for plaintiff-appellee.*

*Carruthers & Roth, P.A., by Norman F. Klick, Jr., Richard L. Vanore, and Robert N. Young, for defendant-appellants Terry Daniel, M.D. and Dayspring Family Medicine Associates, PLLC; and Wilson Helms & Cartledge, LLP, by G. Gray Wilson and Linda L. Helms, for defendant-appellants North Carolina Baptist Hospitals, Incorporated a/k/a North Carolina Baptist Hospital and Wake Forest University Health Sciences.*

ERVIN, Justice.

In this case we are required to determine whether defendants North Carolina Baptist Hospitals, Incorporated a/k/a North Carolina Baptist Hospital and Wake Forest University Health Sciences (collectively, "defendants NCBH and WFUHS"), and defendants Terry Daniel, M.D. and Dayspring Family Medicine Associates,

PLLC (collectively, "defendants Daniel and Dayspring") were required to obtain the issuance of subpoenas directed to certain individuals who had been identified as planning to provide expert testimony on behalf of plaintiff Keen Lassiter, as guardian *ad litem* for Jakari Baize, as a prerequisite for being awarded the fees that defendants paid for the "actual time [that the expert witnesses] spent providing [deposition] testimony" as costs. N.C.G.S. § 7A-305(d)(11) (2013). On 5 August 2014, a unanimous panel of the Court of Appeals filed an opinion concluding that the trial court had erred by awarding the relevant expert witness fees as costs because defendants were statutorily required to subpoena the expert witnesses in question as a prerequisite for obtaining such relief. *Lassiter ex rel. Baize v. N.C. Baptist Hosps., Inc.*, ___ N.C. App. ___, ___, 761 S.E.2d 720, 724 (2014) (citing *Stark v. Ford Motor Co.*, 226 N.C. App. 80, 84, 739 S.E.2d 172, 176 (citing *Jarrell v. Charlotte–Mecklenburg Hosp. Auth.*, 206 N.C. App. 559, 563, 698 S.E.2d 190, 193 (2010) (concluding that N.C.G.S § 7A-314 "limits the trial court's broader discretionary power under [N.C.G.S.] § 7A-305(d)(11) to award expert fees as costs only when the expert is under subpoena")), *disc. rev. denied*, 367 N.C. 240, 748 S.E.2d 321 (2013)). After reviewing the relevant statutory provisions, we conclude that the General Assembly eliminated the traditional subpoena requirement associated with the taxing of certain expert witness fees as costs in civil actions by adding subdivision (11) to N.C.G.S. § 7A-305(d) (stating that "[r]easonable and necessary fees of expert witnesses solely for actual time spent providing testimony at trial, deposition, or other proceedings" are

"assessable or recoverable" as costs) in 2007, *see* Act of July 3, 2007, ch. 212, sec. 3, 2007 N.C. Sess. Laws (Reg. Sess. 2007) 339, 339-40, and that the Court of Appeals' decision should be reversed.

On 8 December 2010, Chinatha Clark, as guardian *ad litem* for her son, Jakari Baize,[1] filed a complaint in Superior Court, Pitt County,[2] against defendants based on their alleged individual and collective failure to properly treat Jakari for a severe case of jaundice that resulted in serious complications and left Jakari permanently disabled. In February 2011, defendants NCBH and WFUHS and defendants Daniel and Dayspring, respectively, filed separate answers in which they denied that Jakari's injuries had resulted from any negligence on their part. Subsequently, defendants NCBH and WFUHS and defendants Daniel and Dayspring filed separate motions asking the trial court to schedule a discovery conference and enter a discovery scheduling order as required by N.C.G.S. § 1A-1, Rule 26(f1).

On 13 February 2012, a hearing was held before Judge Marvin K. Blount, III to address a number of issues, including the entry of a discovery scheduling order. Two days later, counsel for defendants Daniel and Dayspring sent a draft discovery scheduling order to the trial court coordinator for the Superior Court, Johnston County, for consideration by Judge Blount. On 25 April 2012, the trial court

---

[1] At some unspecified point before entry of the 28 November 2011 order, Keen Lassiter was substituted for Ms. Clark as Jakari's guardian *ad litem*.

[2] On 28 November 2011, "upon motion of defendants," venue in this case was transferred to the Superior Court, Johnston County.

coordinator contacted counsel for the parties to inform them that, while Judge Blount had not yet entered a discovery scheduling order, he would do so as soon as possible.

According to the draft discovery scheduling order transmitted to Judge Blount by counsel for defendants Daniel and Dayspring, plaintiff was required to designate all expert witnesses whom he intended to call at trial on or before 1 May 2012 and to "make [his] expert witnesses available for deposition upon request by any party on or before August 15, 2012." Although Judge Blount had not, by that point, entered a discovery scheduling order, plaintiff identified ten expert witnesses whom he expected to call at trial during May 2012 before plaintiff withdrew one of those expert witnesses on 6 July 2012.

On 15 October 2012, Judge Blount entered a discovery scheduling order that, among other things, extended the date by which plaintiff's designated expert witnesses must be made available for deposition from 15 August 2012 to 15 November 2012. In addition, the discovery scheduling order provided that (1) "[e]xperts not designated and made available for deposition in accordance with this [o]rder shall not be permitted to testify at trial"; (2) "[a]ll designated expert witnesses shall reasonably be made available for a discovery deposition upon request by any party"; (3) "[a] party desiring to depose another party's expert witness shall pay the expert a reasonable hourly rate for the expert's actual time testifying at the deposition"; and (4), if a dispute concerning the amount of compensation to be paid to an expert witness for deposition-related testimony arises, "the deposition shall be taken, and thereafter the

[c]ourt, upon motion filed by any party, shall establish a reasonable hourly rate for the expert's actual time testifying at the deposition." Moreover, the discovery scheduling order required that all discovery be completed by 3 October 2013, that the mandatory mediation conference be held by 17 October 2013, and that the case be set for trial on or after 20 January 2014. Finally, the discovery scheduling order permitted modification of the "schedule and deadline dates set forth [t]herein . . . only by the written consent of counsel for all parties with the [c]ourt's consent or by order of the [c]ourt for good cause shown."

Prior to the 15 November 2012 deadline, defendants deposed (1) Kitty Carter-Wicker, M.D. on 27 July 2012;[3] (2) Thomas Hegyi, M.D. on 3 August 2012; (3) Richard Inwood, M.D. on 22 August and 13 September 2012; and (4) Marcus Hermansen, M.D. on 25 September 2012. On 20 December 2012, plaintiff filed a Motion to Amend Discovery Scheduling Order in which he sought the entry of an order extending the deadline by which he could make his remaining experts available for deposition from 15 November 2012 to 31 January 2013. On 27 December 2012, all defendants filed a Motion to Strike and Exclude Certain Expert[ ] Witnesses Designated by Plaintiff in which they argued that plaintiff had violated the discovery scheduling order by failing to provide dates upon which defendants could depose Richard C. Lussky, M.D.; J.C. Poindexter, Jr., Ph.D.; Lois Johnson, M.D.; Ann T. Neulicht, M.D.; and Steven

---

[3] Defendants also deposed Dr. Carter-Wicker on 4 December 2012.

Shapiro, M.D. prior to 15 November 2012, and that these witnesses should be precluded from testifying at trial "as expressly ordered in the Discovery Scheduling Order." In January 2013, plaintiff responded to defendants' motion by offering an explanation for the delays that had occurred during the discovery process and asserting that defendants had failed to make two important treating physicians available for deposition in a timely manner.

A hearing concerning the issues raised by these competing motions was held before Judge William R. Pittman at the 14 January 2013 term of the Superior Court, Johnston County. On the same date, Judge Pittman entered an order denying plaintiff's motion to amend and allowing defendants' motion to preclude certain of plaintiff's expert witnesses from testifying at trial. More specifically, Judge Pittman ordered that Drs. Lussky, Poindexter, and Neulicht be precluded from testifying at trial, allowed Dr. Shapiro to testify as a treating physician while precluding him from testifying as an expert witness, and stated that, if Dr. Johnson had not been made available for deposition by 1 March 2013, her trial testimony would be precluded as well.

On 4 February 2013, the trial court entered an amended discovery scheduling order, under which the 15 November 2012 deadline by which plaintiff was required to make his expert witnesses available for deposition remained in effect. On 21 February 2013, plaintiff filed a motion seeking to have the deadline by which Dr. Johnson had to be made available for deposition extended or, in the alternative, to

have Dr. Johnson replaced with another expert witness. On 4 March 2013, defendants filed a motion to preclude Dr. Johnson from testifying at trial on grounds that plaintiff "has not offered any dates for Dr. Johnson's deposition and has not made her available for deposition by March 1, 2013." On 11 April 2013, Judge Pittman entered an order allowing defendants' motion.

On 22 July 2013, plaintiff voluntarily dismissed all claims against all defendants without prejudice pursuant to N.C.G.S. § 1A-1, Rule 41(a). On 2 August 2013, defendants Daniel and Dayspring filed a motion seeking the entry of an order taxing costs against plaintiff in the dismissed case pursuant to N.C.G.S. § 1A-1, Rule 41(d)[4] including "reasonable and necessary expenses for stenographic and videographic services [related to the taking of depositions], the cost of deposition transcripts, travel expenses of defense counsel for depositions and expert witness fees for the depositions of plaintiff['s] expert witnesses in the total amount of $39,749.60." On the same date, defendants NCBH and WFUHS filed a motion seeking to have "reasonable and necessary costs in the amount of $29,609.80" incurred in "the preparation and defense of [plaintiff's] action" taxed against plaintiff pursuant to Rule 41(d).

---

[4] Although costs in civil actions are ordinarily taxed to one party or the other pursuant to N.C.G.S. § 6-20, which provides that such an award is discretionary with the trial judge subject to the limitations set out in N.C.G.S. § 7A-305(d), the costs at issue here were subject to being taxed against plaintiff pursuant to N.C.G.S. § 1A-1, Rule 41(d), which makes the taxing of costs mandatory when a plaintiff has voluntarily dismissed an action pursuant to Rule 41(a). *See* N.C.G.S. §§ 1A-1, Rule 41, 6-20 (2013).

After conducting a hearing to consider the issues raised by defendants' motions on 26 August 2013, the trial court entered orders on 9 September 2013[5] determining that (1) the "expenses [defendants had] incurred for video conferencing, stenographic preparation of a deposition summary and room rent" should not be taxed against plaintiff because those expenses "were not reasonable and necessary"; (2) defendants had "incurred expenses recoverable under [section] 7A-305 for stenographic and videographic services and expert witness fees for depositions of expert witnesses [that defendants had] taken"; and (3) "in light of the language of the Discovery Scheduling Orders," the expert witnesses "did not need to be subpoenaed" for these expert witness fee costs to be taxed against plaintiffs.[6] Based upon these determinations, the trial court taxed $23,799.61 in costs in favor of defendants NCBH and WFUHS, and $24,738.76 in costs in favor of defendants Daniel and Dayspring. Plaintiff appealed from the trial court's 9 September 2013 orders to the Court of Appeals.[7]

---

[5] The language quoted in the text of this opinion is taken from the order that the trial court entered in response to the motion filed by defendants NCBH and WFUHS. The order entered in response to the motion filed by defendants Daniel and Dayspring, while substantively identical, is worded somewhat differently.

[6] According to the 9 September 2013 orders, all defendants withdrew their requests "for taxation of . . . travel expenses."

[7] More specifically, plaintiff appealed "from that portion of" the trial court's orders that "grant[ed] expert witness fees to" defendants for the time the experts actually spent testifying during the depositions and not from that portion of the trial court's orders that taxed the costs of the stenographic and videographic services to plaintiff.

"The sole issue on appeal [before the Court of Appeals was] whether the trial court erred by granting expert witness fees" for the actual time that the experts plaintiff had designated spent testifying during their respective depositions "as costs to defendants pursuant to section 7A-305 of the North Carolina General Statutes." *Lassiter*, ___ N.C. App. at ___, 761 S.E.2d at 722. In resolving this issue, the Court of Appeals began by discussing the interplay between N.C.G.S. §§ 6-20, 7A-305(d)(11), and 7A-314, and concluded that under existing law "before a trial court may assess expert witness testimony fees as costs, the testimony must be (1) reasonable, (2) necessary, and (3) given while under subpoena." *Id.* at ___, 761 S.E.2d at 723 (quoting *Peters v. Pennington*, 210 N.C. App. 1, 26, 707 S.E.2d 724, 741 (2011)).

After making this determination, the court addressed defendants' contention that the discovery scheduling orders "eliminated the need to subpoena [the] expert witnesses for deposition" as a precondition for taxing the expert witness fees incurred in the course of taking these depositions as costs. *Id.* at ___, 761 S.E.2d at 723. In plaintiff's view, since the discovery scheduling orders "did not modify or waive the [subpoena] requirement" and since "the parties [had] not [otherwise] waive[d] the subpoena requirement, the trial court erred by granting expert witness fees" at issue here given defendants' failure to subpoena these witnesses. *Id.* at ___, 761 S.E.2d at 723. Defendants, on the other hand, argued that the trial court had correctly concluded that the discovery scheduling orders had the effect of altering the

traditional rule that a party is not entitled to recover costs associated with testimony given by a witness who had not been placed under subpoena.

In their briefs before the Court of Appeals, plaintiff and defendants relied upon *Jarrell v. Charlotte–Mecklenburg Hospital Authority*, in which the plaintiffs challenged an order awarding costs "associated with out-of-state expert witnesses" on the ground that the subpoenas sent to the expert witnesses in question were ineffective to compel their attendance. *Jarrell*, 206 N.C. App. 559, 560-61, 698 S.E.2d 190, 191 (2010). In response, the defendants in *Jarrell* asserted that the effectiveness of the subpoenas that had been served on these expert witnesses was irrelevant given that the discovery scheduling order governing the case provided that " '[a]ll parties agree that experts need not be issued a subpoena either for deposition or for trial and waive that requirement of the statute as it may affect the recovery of costs.' " *Id.* at 561, 698 S.E.2d at 192 (alteration in original). Although the Court in *Jarrell* agreed "that the express terms of the [discovery scheduling order] would render inapplicable the statutory provisions detailing recovery of expert witness costs," the Court of Appeals declined to decide the case on that basis because that argument had not been raised before the trial court. *Id.* at 561-62, 698 S.E.2d at 192. In addition, the Court of Appeals concluded that "[N.C.G.S.] § 7A-314 limits the trial court's broader discretionary power under [N.C.G.S.] § 7A-305(d)(11) to award expert fees as costs only when the expert is under subpoena." *Id.* at 563, 698 S.E.2d at 193. (citing *Krauss v. Wayne Cty. Dep't of Soc. Servs.*, 347 N.C. 371, 378, 493 S.E.2d 428, 433 (1997)).

Instead, after finding that the plaintiffs lacked standing to challenge the validity of the subpoenas served on the nonparty expert witnesses, the Court of Appeals upheld the taxing of the challenged expert witness fees to the plaintiffs as costs. *Id.* at 564-65, 698 S.E.2d at 194.

The Court of Appeals distinguished this case from *Jarrell* on the grounds that (1) subpoenas had been issued for the expert witnesses in *Jarrell* and (2) the discovery scheduling order in *Jarrell* explicitly waived the otherwise-applicable subpoena requirement. *Lassiter*, ___ N.C. App. at ___, 761 S.E.2d at 723-24. On the other hand, the expert witnesses at issue in this case were not placed under subpoena and the discovery scheduling orders merely required plaintiff to " 'make [his] expert witnesses available for deposition upon request by any party on or before November 15, 2012.' " *Id.* at ___, 761 S.E.2d at 724 (alteration in original). Given the absence of any indication "that the expert witnesses at issue did not need to be issued subpoenas for deposition or for trial," the Court of Appeals declined to treat the discovery scheduling orders "as a waiver of the statutory requirements detailing recovery of expert witness costs." *Id.* at ___, 761 S.E.2d at 724. Thus, the court held that the trial court erroneously awarded costs associated with fees paid to expert witnesses who had not been placed under subpoena and remanded this case to the trial court for a proper determination of the amount of costs that should be taxed in favor of defendants. *Id.* at ___, 761 S.E.2d at 724.

On 9 September 2014, defendants petitioned for discretionary review of the Court of Appeals' decision. On 9 April 2015, we allowed the petition. As was the case before the Court of Appeals, the sole issue before this Court is whether defendants' failure to subpoena the expert witnesses identified by plaintiff pursuant to the discovery scheduling orders precluded the trial court from taxing plaintiff with the costs of "[r]easonable and necessary fees of expert witnesses" incurred "solely for actual time spent providing testimony at . . . deposition" pursuant to N.C.G.S. § 7A-305(d)(11).

In their briefs before this Court, defendants argue that their failure to subpoena the relevant expert witnesses did not preclude an award of costs in their favor because (1) the discovery scheduling orders waived or eliminated the subpoena requirement that the Court of Appeals has deemed applicable in civil actions by virtue of N.C.G.S. §§ 7A-314(a) and 7A-314(d) and (2) N.C.G.S. § 7A-305(d)(11) obviates the necessity for the issuance of a subpoena as a prerequisite for an award of expert witness fees as costs pursuant to that statute. On the other hand, plaintiff contends that the discovery scheduling orders in this case did not obviate the need for defendants to subpoena the expert witnesses at issue here because: (1) no language similar to that contained in the discovery scheduling orders before the Court of Appeals in *Jarrell* is present here and N.C.G.S. § 1A-1, Rule 26(f1) contains no indication that the General Assembly intended for the enactment of that provision to have the effect of eliminating the traditional subpoena requirement and (2) the

enactment of N.C.G.S. § 7A-305(d)(11) did not, as *Jarrell* and its progeny indicate, have the effect of eliminating the traditional subpoena requirement either.[8]

> At common law neither party recovered costs in a civil action and each party paid his own witnesses. Today in this State, "all costs are given in a court of law [by] virtue of some statute." The simple but definitive statement of the rule is: "[C]osts in this State, are entirely creatures of legislation, and without this they do not exist."

*City of Charlotte v. McNeely*, 281 N.C. 684, 691, 190 S.E.2d 179, 185 (1972) (second alteration in original) (citations omitted). As a result of the fact that "[a]n award of costs is an exercise of [the] statutory authority[,] if the statute is misinterpreted, the judgment is erroneous." *Id.* at 691, 190 S.E.2d at 185 (quoting *State ex rel. Morris v. Shinn*, 262 N.C. 88, 89, 136 S.E.2d 244, 245 (1964)). In other words, when the validity of an award of costs hinges upon the extent to which the trial court properly interpreted the applicable statutory provisions, the issue before the appellate court is one of statutory construction, which is subject to de novo review. *See In re D.S.*, 364 N.C. 184, 187, 694 S.E.2d 758, 760 (2010) (stating that "[q]uestions of statutory interpretation are questions of law and are reviewed de novo" (citing *Brown v. Flowe*, 349 N.C. 520, 523, 507 S.E.2d 894, 896 (1998))).

According to N.C.G.S. § 7A-305, which governs the recovery of costs in civil actions:

---

[8] Plaintiff does not appear to contend that the costs awarded by the trial court exceeded an amount that was "[r]easonable and necessary" under N.C.G.S. § 7A-305(d)(11) in the event that no subpoena was required as a prerequisite for the taxing of the relevant expert witness fees as costs.

(d) The following expenses, when incurred, are assessable or recoverable, as the case may be. The expenses set forth in this subsection are complete and exclusive and constitute a limit on the trial court's discretion to tax costs pursuant to [N.C.]G.S. [§] 6-20:

> (1)   Witness fees, as provided by law.
>
> . . . .
>
> (11)   Reasonable and necessary fees of expert witnesses solely for actual time spent providing testimony at trial, deposition, or other proceedings.

N.C.G.S. § 7A-305(d)(1), (11) (2013). Similarly, N.C.G.S. § 7A-314, which applies to all types of actions, provides, in pertinent part, that:

> (a)   A witness under subpoena, bound over, or recognized, other than a salaried State, county, or municipal law-enforcement officer, or an out-of-state witness in a criminal case, whether to testify before the court, Judicial Standards Commission, jury of view, magistrate, clerk, referee, commissioner, appraiser, or arbitrator shall be entitled to receive five dollars ($5.00) per day, or fraction thereof, during his attendance . . . .
>
> (b)   A witness entitled to the fee set forth in subsection (a) of this section . . . shall be entitled to receive reimbursement for travel expenses as [set forth in subsection (b)] . . . .
>
> . . . .
>
> (d)   An expert witness, other than a salaried State, county, or municipal law-enforcement officer, shall receive such compensation and allowances as the court, or the Judicial Standards Commission, in its discretion, may authorize.

*Id.* § 7A-314(a), (b), (d) (2013). In defendants' view, the General Assembly's decision to add subdivision (11) to N.C.G.S. § 7A-305(d), effective 1 August 2007, without including the reference to "as provided by law" contained in N.C.G.S. § 7A-305(d)(1), decoupled N.C.G.S. § 7A-305(d)(11) from N.C.G.S. § 7A-314 so as to explicitly allow trial judges to tax "[r]easonable and necessary fees of expert witnesses solely for actual time spent providing testimony at trial, deposition, or other proceedings" as costs regardless of whether the expert witness in question had been placed under subpoena. Plaintiff, on the other hand, contends that defendants' argument is contrary to decisions by the Court of Appeals, such as *Jarrell*, and that interpreting the relevant statutory provisions so as to eliminate any link between N.C.G.S. § 7A-305(d)(11) and N.C.G.S. § 7A-314 would "effectively nullif[y]" the provisions of N.C.G.S. § 7A-314 relating to expert witness fees discussed by this Court in *State v. Johnson*, 282 N.C. 1, 26-28, 191 S.E.2d 641, 658-59 (1972). We find defendants' argument to be the more persuasive of the two.

In *Johnson*, which arose from a condemnation proceeding initiated by the State and which was decided several decades before enactment of N.C.G.S. § 7A-305(d)(11), this Court considered, among other things, whether the trial court erred by taxing fees for four expert witnesses who had testified at trial without having been placed under subpoena as costs against the State. 282 N.C. at 26-28, 191 S.E.2d at 658-59. In reversing the trial court's award, we stated that N.C.G.S. § 7A-314(a) "makes a witness fee for any witness, except those specifically exempted therein, dependent

upon his having been subpoenaed to testify in the case" and "fixes his fee at $5.00 per day"; that, with respect "to expert witnesses," N.C.G.S. § 7A-314(d) "modifies [N.C.G.S. § 7A-314(a)] by permitting the court, in its discretion, to increase . . . compensation and allowances" for expert witnesses; and that this "modification relates only to the amount of an expert witness's fee" and accordingly, "does not abrogate the requirement that all witnesses must be subpoenaed before they are entitled to compensation" pursuant to N.C.G.S. § 7A-314. *Id.* at 27-28, 191 S.E.2d at 659 (citing N.C.G.S. § 7A-314 (Supp. 1971)).[9]

As noted in *Jarrell*, the Court of Appeals has consistently stated, in the aftermath of *Johnson*,[10] that even though such "fees were not specifically provided for under N.C.[G.S.] § 7A-305(d), . . . 'expert witness fees could be taxed as costs when a witness has been subpoenaed.' " *Jarrell*, 206 N.C. App. at 562, 698 S.E.2d at 192

---

[9] In view of our determination that the expert witnesses whose fees were at issue in *Johnson* were not "entitled to compensation" for their testimony pursuant to N.C.G.S. § 7A-314 because their attendance had not been compelled by subpoena, we did not specify the statutory authority under which expert witness fees payable to subpoenaed witnesses could have been taxed as costs against the State. 282 N.C. at 28, 191 S.E.2d at 659.

[10] Although *Johnson* marked the first occasion on which this Court analyzed the subpoena requirement in the context of N.C.G.S. § 7A-314, *Johnson* was only the latest in a long line of cases holding that witness fees were only recoverable as costs when the testimony in question was compelled by a subpoena. *E.g.*, *McNeely*, 281 N.C. at 692, 190 S.E.2d at 186 (stating that "[t]he losing party is taxed with the costs of his adversary's witness only if the witness was subpoenaed and examined or tendered" (citing N.C.G.S. § 6-53 (1969)); *Chadwick v. Life Ins. Co. of Va.*, 158 N.C. 318, 320, 158 N.C. 380, 381, 74 S.E. 115, 116 (1912) (stating that, "[b]y statute, the losing party is taxed with the costs of the witnesses of the winning party, but to prevent oppression only two witnesses of the winning side to each material fact can be taxed against the losing side, and then only if subpoenaed and examined or tendered" (citations omitted)).

(quoting *Bennett v. Equity Residential*, 192 N.C. App. 512, 516, 665 S.E.2d 514, 517 (2008) (emphasis omitted) (quoting *Vaden v. Dombrowski*, 187 N.C. App. 433, 440, 653 S.E.2d 543, 547 (2007))). More specifically, the Court in *Jarrell* noted that prior panels of the Court of Appeals had concluded that expert witness fees constituted recoverable costs pursuant to N.C.G.S. § 7A-305(d)(1), which allows taxing "witness fees . . . as costs as provided by law" and reasoned that the reference to "as provided by law" contained in N.C.G.S. § 7A-305(d)(1) referred to N.C.G.S. § 7A-314. *Id.* at 562, 698 S.E.2d at 192 (citing *Vaden*, 187 N.C. App. at 440, 653 S.E.2d at 547). The court further noted that the Court of Appeals had previously held that N.C.G.S. § 7A-305(d)(1) should "be read in conjunction with [N.C.G.S.] § 7A-314, which governs fees for witnesses" so as to limit awardable expert witness fees to amounts paid to witnesses who have testified subject to a subpoena. *Id.* at 562, 698 S.E.2d at 192 (quoting *Morgan v. Steiner*, 173 N.C. App. 577, 583, 619 S.E.2d 516, 520 (2005), *disc. rev. denied*, 360 N.C. 648, 636 S.E.2d 808 (2006)). In reliance on this line of authority, the Court in *Jarrell* determined that the 2007 General Assembly had amended N.C.G.S. § 7A-305(d) in response to " 'inconsistencies within [Court of Appeals'] case law' " regarding "the propriety of taxing certain costs" and had "supplement[ed] the witness fees allowed under" N.C.G.S. § 7A-305(d)(1) "by adding a specific provision for expert fees" in N.C.G.S. § 7A-305(d)(11). *Id.* at 562, 698 S.E.2d at 192 (quoting *Vaden*, 187 N.C. App. at 438 n.3, 653 S.E.2d at 546 n.3). As a result, the Court in *Jarrell* concluded that, like N.C.G.S. § 7A-305(d)(1), "[N.C.G.S.] § 7A-305(d)(11) must

be understood in light of [N.C.G.S.] § 7A-314" so that, in order to recover amounts paid to expert witnesses for actual time spent testifying as authorized by N.C.G.S. § 7A-305(d)(11) as costs, the expert witness whose testimony generated the relevant fees had to have testified while subject to subpoena. *Id.* at 562-63, 698 S.E.2d at 192-93.

Although the General Assembly certainly intended for the 2007 amendments to N.C.G.S. § 7A-305(d) to clarify the identity and amounts of taxable costs in civil actions, we believe that the enactment of N.C.G.S. § 7A-305(d)(11) served an additional purpose, which was to establish that "[r]easonable and necessary [expert witness] fees . . . solely for actual time spent providing testimony at trial, deposition, or other proceedings" are taxable as costs in civil actions and that, given the omission of "as provided by law," such expert witness fees are taxable as costs even though the expert testimony is not compelled by a subpoena. *See* ch. 212, sec. 3, 2007 N.C. Sess. Laws (Reg. Sess. 2007) at 339-40 (captioned "An Act to Clarify the Court's Discretion to Allow Court Costs."). We do not believe, as plaintiff argues, that giving determinative effect to the omission from N.C.G.S. § 7A-305(d)(11) of any reference to "as provided by law" as contained in N.C.G.S. § 7A-305(d)(1) "effectively nullifie[s]" the expert witness provisions of N.C.G.S. § 7A-314.[11] Unlike N.C.G.S. § 7A-305(d),

---

[11] On the contrary, plaintiff's argument effectively adds the reference to "as provided by law" contained in N.C.G.S. § 7A-305(d)(1) into N.C.G.S. § 7A-305(d)(11) even though no such language appears in N.C.G.S. § 7A-305(d)(11).

which governs the taxing of costs in civil actions, N.C.G.S. § 7A-314 applies to other types of legal proceedings, including special proceedings and criminal actions, as well. As a result, the enactment of N.C.G.S. § 7A-305(d)(11) has no effect on the awarding of expert witness fees as costs or the taxing of costs in any proceeding other than in a civil action. In view of the fact that the General Assembly did not repeal or otherwise alter N.C.G.S. § 7A-305(d)(1) or N.C.G.S. § 7A-314, a trial court also has the authority in a civil action to award additional expert witness-related costs, such as amounts related to travel pursuant to N.C.G.S. § 7A-314(b) or incurred for time spent in attendance at trial or some other proceeding pursuant to N.C.G.S. § 7A-314(d), provided that the expert witness testified pursuant to subpoena.[12] As a result, adopting the construction of N.C.G.S. § 7A-305(d)(11) that we deem appropriate does not render N.C.G.S. § 7A-314 without any effect.

Thus, we conclude that the enactment of N.C.G.S. § 7A-305(d)(11) in 2007 allows for the taxing of "[r]easonable and necessary fees of expert witnesses solely for actual time spent providing testimony at trial, deposition, or other proceedings"

---

[12] The existence of multiple options for awarding costs associated with expert testimony discussed in the text was short-lived. With respect to "motions or applications for costs filed on or after" 1 October 2015, the General Assembly has amended N.C.G.S. § 7A-314(d) to provide that, "[s]ubject to the specific limitations set forth in [N.C.]G.S. [§] 7A-305(d)(11), an expert witness, other than a salaried State, county, or municipal law-enforcement officer, shall receive such compensation and allowances as the court, or the Judicial Standards Commission, in its discretion may authorize." Act of July 15, 2015, ch. 153, sec. 2, 3, 2015 3 Adv. Legis. Serv. 12, 14 (LexisNexis) (captioned "An Act Amending the Rules of Civil Procedure to Modernize Discovery of Expert Witness and Clarifying Expert Witness Costs in Civil Actions.").

without requiring the party seeking to obtain the taxing of such costs to demonstrate that the expert witnesses in question testified subject to a subpoena.[13] To the extent that *Jarrell* and its progeny suggest that the subpoena requirement established in N.C.G.S. § 7A-314 applies to expert witness fees taxed as costs pursuant to N.C.G.S. § 7A-305(d)(11), those decisions are overruled. As a result, given that the trial court correctly taxed expert witness fees in accordance with N.C.G.S. § 7A-305(d)(11) against plaintiff, albeit for reasons other than those we have deemed persuasive in this opinion, the decision of the Court of Appeals is reversed.

REVERSED.

---

[13] In light of our determination that the enactment of N.C.G.S. § 7A-305(d)(11) eliminated the requirement that expert witnesses be subpoenaed as a precondition for an award of expert witness fees as costs, we need not address the validity of defendants' contention that the trial court correctly determined that the discovery scheduling order and the provisions of N.C.G.S. § 1A-1, Rule 26(f1) obviated the necessity for the issuance of subpoenas to compel the deposition testimony of plaintiff's designated expert witnesses.