IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA16-443

Filed: 1 November 2016

Union County, No. 09 CVS 00674

SWAPS, LLC, Plaintiff,

v.

ASL PROPERTIES, INC., THE HEYWARD GROUP D/B/A THE HEYWARD COMPANIES and VIRGINIA E. FAVREAU, Defendants.

Appeal by defendants from order entered 11 December 2015 by Judge W. Erwin Spainhour in Union County Superior Court. Heard in the Court of Appeals 22 September 2016.

*Koy E. Dawkins for plaintiff-appellee.*

*Raynor Law Firm, PLLC, by Kenneth R. Raynor, for defendants-appellants.*

DIETZ, Judge.

The issue presented in this appeal is whether the North Carolina Uniform Declaratory Judgment Act permits a trial court to award attorneys' fees. We hold that it does not.

The act states that "the court may make such award of costs as may seem equitable and just." N.C. Gen. Stat. § 1–263. Our Supreme Court has held that costs are a creature of statute and are governed solely by statute, not common law.

In the General Statutes, costs and attorneys' fees are separate categories and attorneys' fees may be awarded as part of an award of "costs" only where the authorizing statute expressly permits it. The Declaratory Judgment Act does not. Accordingly, we vacate the trial court's order awarding attorneys' fees under the Declaratory Judgment Act.

## Facts and Procedural History

Plaintiff Swaps, LLC prevailed on a claim under the North Carolina Uniform Declaratory Judgment Act, N.C. Gen. Stat. § 1–253 *et seq*. Swaps later moved for an award of attorneys' fees and costs under N.C. Gen. Stat. § 1–263. The trial court granted the motion and awarded Swaps $37,300.91 in attorneys' fees and $677.61 in court costs. Defendants timely appealed.

## Analysis

The sole issue in this appeal is whether the Uniform Declaratory Judgment Act permits a trial court to award attorneys' fees. In a section titled "Costs," the act provides that "[i]n any proceeding under this article the court may make such award of costs as may seem equitable and just." N.C. Gen. Stat. § 1–263. The parties dispute whether the term "costs" in Section 1–263 includes attorneys' fees.

"At common law, neither party recovered costs in a civil action and each party paid his own witnesses." *Lassiter ex. rel. Baize v. N.C. Baptist Hosps. Inc.*, 368 N.C. 367, 375, 778 S.E.2d 68, 73 (2015) (quoting *City of Charlotte v. McNeely*, 281 N.C.

684, 691, 190 S.E.2d 179, 185 (1972)).  "Today in this State, all costs are given in a court of law by virtue of some statute."  *Id.* (brackets omitted).  As a result, awards of "costs" to litigants in civil actions "are entirely creatures of legislation, and without this they do not exist."  *Id.*

For more than a century, the statutes governing costs generally have excluded attorneys' fees, and our Supreme Court has acknowledged that this was "deliberately adopted as the policy" by our legislature.  *Wachovia Bank & Trust Co. v. Schneider*, 235 N.C. 446, 454, 70 S.E.2d 578, 584 (1952).  As a result "attorneys' fees are not now regarded as a part of the court costs in this jurisdiction."  *Id.*

When the General Assembly intends to depart from this general rule, it always has done so expressly.  For example, N.C. Gen. Stat. § 6–21 governs costs in certain civil proceedings and states that "[t]he word 'costs' as the same appears and is used in this section shall be construed to include reasonable attorneys' fees."  *See also* N.C. Gen. Stat. §§ 6–21.1 to 6–21.7.

Here, the General Assembly chose only to refer to "costs" in Section 1–263 and not to specify that the term costs includes attorneys' fees.  Thus, we hold that N.C. Gen. Stat. § 1–263 does not permit the trial court to award attorneys' fees.

Swaps does not dispute this reasoning or assert any textual argument for why Section 1–263 should be interpreted to include attorneys' fees.  But Swaps argues that this Court approved an award of attorneys' fees under Section 1–263 in *Phillips*

*v. Orange Cty. Health Dep't*, 237 N.C. App. 249, 765 S.E.2d 811 (2014) and that this Court is bound to follow *Phillips*. We disagree.

In *Phillips*, this Court never stated that the word "costs" in Section 1–263 authorized an award of attorneys' fees, nor did we engage in the analysis that we do here. More importantly, *Phillips* involved a suit against a county, and in this Court's discussion of attorneys' fees, we quoted N.C. Gen. Stat. § 6–21.7, which provides that "[i]n any action in which a . . . county is a party, upon a finding by the court that the . . . county acted outside the scope of its legal authority, the court may award reasonable attorneys' fees and costs to the party who successfully challenged the . . . county's action." *Phillips*, 237 N.C. App. at 261, 765 S.E.2d at 820. Thus, *Phillips* involved a case in which a different statute (not N.C. Gen. Stat. § 1–263) expressly authorized the award of attorneys' fees. Swaps does not identify a similar statute that expressly authorizes attorneys' fees in this case, and there is none.

Swaps also cites *Heatherly v. State*, 189 N.C. App. 213, 658 S.E.2d 11 (2008), in which the Court affirmed an award of "the costs of this litigation" under Section 1–263. But as in *Phillips*, in *Heatherly* this Court did not analyze the language of Section 1–263 or hold that the word "costs" in Section 1–263 authorized an award of attorneys' fees. Indeed, the majority opinion does not even mention attorneys' fees. And, in any event, *Heatherly* later was affirmed by an equally divided Supreme Court in a *per curiam* opinion holding that "the decision of the Court of Appeals is left

undistributed without precedential value." *Heatherly v. State*, 363 N.C. 115, 115, 678 S.E.2d 656, 657 (2009). Thus, we would not be bound by *Heatherly* even if that decision had addressed the issue (which it did not).

Our holding today also aligns our interpretation of the Uniform Declaratory Judgment Act with the overwhelming majority of other jurisdictions to address this issue under their versions of the act. As with other uniform laws, the Uniform Declaratory Judgment Act "shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it." N.C. Gen. Stat. § 1–266.

Other states interpreting this same provision in their own versions of this uniform law have held that the term "costs" does not include attorneys' fees. *See Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Dixon*, 112 P.3d 825, 830 (Idaho 2005) (holding Idaho UDJA "does not provide authority to award attorney fees in a declaratory action"); *Trs. of Ind. Univ. v. Buxbaum*, 69 P.3d 663, 670 (Mont. 2003) (holding Montana UDJA provision allowing court to make award of costs "does not authorize an award of attorney fees"); *Pub. Entity Pool v. Score*, 658 N.W.2d 64, 68 (S.D. 2003) ("No provision in the [*sic*] South Dakota's Declaratory Judgment Act allows for an award of attorney's fees to the prevailing party."); *Soundgarden v. Eikenberry*, 871 P.2d 1050, 1064 (Wash. 1994) ("[The Uniform Declaratory Judgment Act] provides that '[i]n any proceeding under this chapter, the court may make such

award of costs as may seem equitable and just.' But the term 'costs' does not include 'attorney fees'." (second alteration in original)); *Kremers-Urban Co. v. Am. Emp'rs Ins. Co.*, 351 N.W.2d 156, 168 (Wis. 1984) ("We decline to expand or enlarge the 'costs' available in declaratory judgment actions to include attorney's fees."). Our interpretation of Section 1–263 aligns our state's law with these other states' interpretation of this uniform act.

Finally, Swaps makes a policy argument for the award of attorneys' fees under N.C. Gen. Stat. § 1–263, asserting that the "recovery of cost and attorney's fees is of utmost importance to the litigants in a Declaratory Judgment Action" and that, if the trial court has no authority to grant attorneys' fees under the Declaratory Judgment Act, "why bring the action under the Declaratory Judgment Act?"

The answer, of course, is that the Uniform Declaratory Judgment Act provides a mechanism for parties to have their respective rights and obligations adjudicated where there is a justiciable controversy but no affirmative claim ripe for litigation:

> The Act recognizes the need of society for officially stabilizing legal relations by adjudicating disputes before they have ripened into violence and destruction of the status quo. It satisfies this social want by conferring on courts of record authority to enter judgments declaring and establishing the respective rights and obligations of adversary parties in cases of actual controversies without either of the litigants being first compelled to assume the hazard of acting upon his own view of the matter by violating what may afterwards be held to be the other party's rights or by repudiating what may be subsequently adjudged to be his own obligations.

*Lide v. Mears*, 231 N.C. 111, 117–18, 56 S.E.2d 404, 409 (1949).

Indeed, Swaps's policy argument cuts the other way. If litigants could recover attorneys' fees in declaratory judgment actions, it would create incentives to frame legal disputes in terms of declaratory relief. Particularly in contract or property disputes where the cost of litigation might exceed any monetary recovery, enterprising litigants would have tremendous incentives to race to the courthouse with a request for declaratory relief rather than pursuing a traditional, affirmative claim for relief. Nothing in the text of the Uniform Declaratory Judgment Act suggests that the General Assembly wanted to encourage these types of preemptive lawsuits.

In sum, we hold that, because N.C. Gen. Stat. § 1–263 does not expressly include attorneys' fees within the definition of the term "costs," the statute does not permit an award of attorneys' fees.[1]

## Conclusion

We vacate the trial court's order awarding attorneys' fees under N.C. Gen. Stat. § 1–263.

VACATED.

Judges HUNTER, JR. and McCULLOUGH concur.

---

[1] We also note, to avoid any confusion, that where another statute authorizes an award of attorneys' fees, nothing in N.C. Gen. Stat. § 1–263 prohibits a trial court from awarding those fees in an action brought under the Uniform Declaratory Judgment Act.